**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN, on behalf of Himself and others similarly situated | ) ) | |
| Plaintiff, | ) | 1:12-cv-6421 |
| | ) | |
| v. | ) | |
| | ) | |
| COMCAST CORPORATION, | ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

**COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

2. In 1995, under its authority to adopt rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108, the Federal Trade Commission adopted the Telemarketing Sales Rule, 16 C.F.R. § 310 ("TSR"), which was later amended in 2003. Among other things, the amended TSR established a "Do Not Call Registry." The Registry lists the telephone numbers of consumers who have informed the FTC that they do not wish to receive certain types of telemarketing calls.

3. The TCPA prohibits persons or entities from initiating telephone solicitations to "Do Not Call" registered telephone subscribers. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c). A person whose number is on the Registry, and who has received more than one telephone call on her residential telephone within any 12-month period by or on behalf of the same entity in

violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c). The FCC ruled that cellular telephones were subject to the same protections as residential lines in 2003. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 18 FCC Rcd. 14,014, 14,038-14,040; ¶¶ 33-37 (July 3, 2003).

4. The law contains a safe harbor provision that exempts from liability a person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) who has obtained the subscriber's prior express invitation or permission to make the call. 47 C.F.R. § 64.1200(c)(2)(ii). Plaintiff is not aware of ever having given defendant any consent or permission to be called on his cellular telephone.

5. The TCPA contains additional restrictions against making any call to any cellular telephone number using an "automatic telephone dialing system;" or using any "artificial or prerecorded voice." 47 U.S.C. §227(b)(1)(A)(iii), regardless of the content of the call.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction because this cause of action arises under federal law. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012).

7. Venue is appropriate in this District because defendant resides here, and because a substantial portion of the events giving rise to this cause of action occurred here.

## PARTIES

8. Plaintiff Nicholas Martin is an individual who resides in this District.

9. Defendant Comcast Corporation ("Comcast") is a communications company that has offices in Chicago, Illinois.

**FACTS**

10. Plaintiff's cellular telephone is registered with the National Do-Not-Call ("DNC") Registry.

11. Defendant Comcast, or some authorized entity on its behalf, called Plaintiff's cellular telephone at least eight times, including (but not necessarily limited to) calls at the following approximate dates and times:

   a. October 8, 2011 at 9:59 am;

   b. October 10, 2011 at 7:21 pm;

   c. October 10, 2011 at 1:45 pm*;

   d. October 11, 2011 at 5:49 pm*;

   e. October 11, 2011 at 11:48 am;

   f. October 12, 2011 at 7:40 pm;

   g. October 13, 2011 at 10:51 am;

   h. October 14, 2011 at 9:25 am.

There very likely are more calls about which plaintiff does not know. Plaintiff answered the two calls with asterisks.

12. Each of the calls was made using an automatic telephone dialing system, as that term is defined by the Telephone Consumer Protection Act and implementing regulations and orders.

13. Each of the calls to plaintiff was made after plaintiff had cancelled service with Comcast, and was initiated by Comcast for the purpose of selling Comcast goods and/or services to plaintiff.

14. Plaintiff also separately demanded that the calls stop, in writing, in a letter mailed on or about October 4, 2011.

15. It is the practice of Comcast to call customers who have cancelled their service in order to try to entice their former customers to return to Comcast.

16. Plaintiff and the class have been substantially damaged by defendant's calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

## COUNT I – TCPA – Robocalls

17. Plaintiff incorporates all previous paragraphs.

18. Comcast violated the TCPA by placing robocalls calls to plaintiff and the class members' cell phones using its automatic telephone dialing system without the prior express consent of the called party.

19. Comcast's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

## CLASS ALLEGATIONS

20. Plaintiff brings this claim on behalf of a class, consisting of:

All persons who, within four years of filing this complaint, Comcast or someone on its behalf called their cellular telephone number using an automatic telephone dialing system and/or a prerecorded or artificial voice where the purpose of the call was to sell goods and services, where any such calls were made at a time when there was no relationship between Comcast and the called party (e.g. after termination of service).

21. The class does not include calls made for legitimate debt collection purposes.

22. Plaintiff is a member of this class.

23. The class is so numerous that joinder of all members is impractical. Upon information and belief, Plaintiff alleges that there are more than 40 members of the class.

24. There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

   a. Whether defendant used an automatic telephone dialing system as is defined in the TCPA and applicable FCC regulations and orders to place the calls at issue; and

   b. Damages, including whether the violations were negligent, willful or knowing.

25. Plaintiff's claims are typical of the class members' claims. Defendant used the same or similar type of automatic telephone dialing system to make the calls at issue in this case.

26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

27. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because it is not economically feasible to bring individual actions.

28. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

29. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

30. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    A.     Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful or knowing;

    B.    An injunction against further violations;

    C.    A declaration that Comcast's equipment is regulated by the TCPA;

    D.    Costs of suit;

    E.    Reasonable attorney's fees as part of a common fund, if any;

    F.    Such other or further relief as the Court deems just and proper.

### **COUNT II – TCPA – DO Not Call**

30. Plaintiff incorporates all previous paragraphs.

31. Comcast violated the Do Not Call portion of the TCPA, 47 U.S.C. §227(c), by placing multiple telemarketing calls to plaintiff and the class members within one year of each other.

32. Comcast did not have permission to make these calls.

33. Comcast's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

## CLASS ALLEGATIONS

34. Plaintiff brings this claim on behalf of a class, consisting of:

All persons who on or after a date four years before the filing of this complaint, defendant or someone on its behalf called on their residential or cellular telephone whose numbers are listed on the National Do Not Call Registry, at least twice within any 12 month period, in order to solicit sale of goods or services, where defendant does not have a signed, written agreement between the called party and Comcast that states the consumer agrees to be contacted for telemarketing purposes by Comcast, and includes the telephone number to which the calls were placed. [47 C.F.R. §64.1200(c)(2)(ii).]

35. Excluded from the class is any person with whom Comcast has a "personal relationship." 47 C.F.R. 64.1200(c)(iii). Plaintiff does not believe any such persons exist.

36. Plaintiff is a member of this class.

37. The class is so numerous that joinder of all members is impractical. Upon information and belief, Plaintiff alleges that there are more than 40 members of the class.

38. There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

    a. Whether defendant's calls were solicitations within the meaning of the TCPA and applicable FCC regulations and orders to place the calls at issue;

    b. Damages, including whether the violations were negligent, willful or knowing.

39. Plaintiff's claims are typical of the claims of the class members. Each person was solicited by defendant under the same circumstances.

40. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

41. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against is small because it is not economically feasible to bring individual actions.

42. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

43. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

44. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    A.    Statutory damages of up to $500 per violation, and up to $1,500 per violation if proven to be willful or knowing;

    B.    An injunction against further violations;

    C.    A declaration that Comcast's calls constituted telemarketing and that their practices violate the Do Not Call portion of the Telemarketing Sales Rule;

    D.    Costs of suit;

    E.    Reasonable attorney's fees as part of a common fund, if any;

    F.    Such other or further relief as the Court deems just and proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

     Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                  /s/Alexander H. Burke
                                                  Alexander H. Burke