UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COMCAST CORPORATION,<br><br>　　　　Defendant. | Case No. 1:12-cv-6421<br><br>Honorable John A. Nordberg |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR STAY OF DISCOVERY**

Gordon B. Nash, Jr.
Chancé L. Cooper
Drinker Biddle &Reath LLP
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel:　(312) 569-1000
Fax:　(312) 569-3000

Seamus C. Duffy
Michael W. McTigue, Jr.
Drinker Biddle &Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
Tel:　(215) 988-2700
Fax:　(215) 988-2757

*Counsel for Defendant
Comcast Corporation*

October 12, 2012

Defendant Comcast Corporation ("Comcast") submits this memorandum in support of its Motion for Stay of Discovery pursuant to Federal Rule of Civil Procedure 26(c).

## I. INTRODUCTION

Nicholas Martin ("Plaintiff") is a professional plaintiff who has filed at least thirty (30) cases asserting claims under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq.[1] In this action, he alleges that Comcast violated certain provisions of the TCPA when it called his wireless phone in the short window of time between his request that his Internet service be terminated and his return of his Comcast owned equipment.

Comcast has moved to dismiss this action because Plaintiff's own allegations establish that his claims are defective as a matter of law. Specifically, it is clear from the Complaint that: (1) Plaintiff consented to being called by Comcast on his wireless phone; (2) Comcast only called Plaintiff while it had an established business relationship with him; and (3) Comcast did not call him more than thirty (30) days after Plaintiff allegedly withdrew his consent, which is all the TCPA requires. Accordingly, both of Plaintiff's claims are defective as a matter of law.

On October 5, 2012, the parties held a Rule 26(f) conference. During that conference,

---

[1] *Martin v. Redline Recovery Servs.*, No. 08-6153; *Martin v. Weltman, Weinberg & Reis*, No. 08-6181; *Martin v. Valentine & Kebartas*, No. 08-6640; *Martin v. Vengroff Williams & Assocs.*, No. 09-0592; *Martin v. J.C. Christensen & Assocs.*, No. 09-5726; *Martin v. Richard J. Boudreau & Assocs.*, No. 09-5746; *Martin v. West Asset Mgmt.*, No. 09-8067; *Martin v. PPP*, No. 10-0140; *O'Brien v. Panino's, Inc.*, No. 10-2991; *Martin v. LVNV Funding*, No. 10-3300; *Martin v. CCH*, No. 10-3494; *Diparvine v. Ripple 1471*, No. 10-5114; *Vance v. Bureau of Collection Recovery*, No. 10-6324; *Martin v. Bureau of Collection Recovery*, No. 10-7725; *Martin v. Fail Safe Taxes*, No. 11-0155; *Martin v. Midland Funding*, No. 11-3104; *Martin v. Leading Edge Recovery Sols.*, No. 11-5886; *Martin v. Asset Acceptance Cap.*, No. 11-6256; *Martin v. Credit Prot'n Ass'n*, No. 11-6828; *Martin v. Dun & Bradstreet*, No. 12-0215; *Martin v. Tax Works*, No. 12-5485; *Martin v. Comcast Corp.*, No. 12-6421; *Martin v. Midland Credit*, No. 09-5343; *Martin v. Fosco Fullett Roselund, P.C.*, No. 09-6236; *Martin v. Piknick Kafe*, No. 10-5142; *Martin v. Ripple 1471*, Inc., No. 10-5144; *Martin v. Michael Ramirez*, No. 10-5242; *Martin v. Automated Fin.*, No. 11-0525; *Martin v. Sullivan, Dupre & Aldous*, No. 11-0859; *Martin v. Miracle Fin.*, No. 12-6001; *Martin v. Duncan*, No. 12-3881; *Martin v. CellcoP'ship*, No. 12-5147.

Comcast objected to conducting discovery until after the Court resolves its Motion to Dismiss, which at that time was not yet due to be filed. Nevertheless, late in the day on October 5, 2012, Plaintiff served sixty-nine (69) different discovery requests, including forty-eight (48) separate Requests for Admission. (A true and accurate copy of Plaintiff's First Discovery Requests is attached hereto as Exhibit A). Comcast's responses are due by November 5, 2012.

## ARGUMENT

Courts enjoy broad discretion in controlling the scope, timing and conduct of discovery. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). One mechanism available to district courts is to order that "disclosure or discovery not be had" or specify "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place." Fed. R. Civ. P. 26(c)(1), (c)(2).

While the filing of a motion to dismiss does not automatically stay discovery, motions to stay discovery during the pendency of a potentially dispositive motion to dismiss are granted with "substantial frequency." *Bilal v. Wolf*, No. 06-6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) (citing *Gilbert v. Ferry,* 401 F.3d 411 (6th Cir. 2005); *In re Se. Banking Corp.,* 204 F.3d 1322 (11th Cir. 2000); *Chaudhry v. Mobil Oil Corp.,* 186 F.3d 502 (4th Cir. 1999); *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119 (10th Cir. 1994); *Institut Pasteur v. Chiron,* 315 F. Supp. 2d 33, 37 (D.D.C. 2004) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *see also* 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.105[3][c] (3d ed. 2012) ("[A] district court may stay discovery during the pendency of a motion to dismiss.").

Courts in the Seventh Circuit have stayed discovery in the face of a Rule 12(b)(6) motion. *See Bilal*, 2007 WL 1687253, at *1 (citing cases). Such a stay is not "disfavored," but rather is appropriate where (1) the motion may dispose of the entire case, *Bilal*, 2007 WL 1687253, at *1; (2) discovery is unlikely to yield facts that would defeat the motion, *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993); or (3) or where the motion raises a dispositive threshold issue. *Builders Ass'n of Greater Chicago v. Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996).

Here, the Motion to Dismiss would dispose of this action in its entirety because the Motion challenges the legal sufficiency of the Complaint and not merely the sufficiency of the allegations. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 338 (N.D. Ill. 2005). Even if accepted as true, the facts alleged confirm that this case falls squarely within the TCPA's express consent and established business relationship exceptions. *See generally* Mot. to Dismiss. Because the Complaint itself triggers those exemptions, and because Comcast has asserted no counterclaims against Plaintiff, the Motion to Dismiss would dispose of this action in its entirety.

Nor will Plaintiff's interrogatories and document requests, most of which are aimed at establishing that these claims are appropriate for class treatment, impact the threshold defenses raised in the Motion. Conducting any discovery, let alone the sweeping discovery requests that have been served here, simply is not necessary for purposes of resolving the pending Motion. *See, e.g.*, *Sprague v. Brook*, 149 F.R.D. at 577. If the Court were to grant the Motion and dismiss this action, any discovery conducted and discovery disputes addressed by the Court prior to dismissal would have needlessly wasted the parties' and the court's resources.

A stay of discovery is particularly appropriate when, as here, the discovery requested is exceedingly broad in scope. Animated by the reality that "discovery can be expensive," the Supreme Court repeatedly has cautioned that plaintiffs are not entitled to discovery merely by

virtue of filing a complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (explaining that "some threshold of plausibility must be crossed at the outset" before a case should be permitted to proceed to discovery) (emphasis omitted); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff" with deficient complaints); *see also Limestone Dev. Corp. v. Vill. of Lemont,* 520 F.3d 797, 803 (7th Cir. 2008) (noting that the Court was "concerned lest a defendant be forced to conduct expensive pretrial discovery in order to demonstrate the groundlessness of the plaintiff's claim."). Those concerns are amplified in putative class actions, which by their nature involve asymmetric, often abusive discovery. *See, e.g.*, *Am. Bank v. City of Menasha*, 627 F.3d 261, 266 (7th Cir. 2010) (Posner, J.) (explaining that class action plaintiffs use "discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit."); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 411 (7th Cir. 2010) (Posner, J., dissenting) ("With the electronic archives of large corporations or other large organizations holding millions of emails and other electronic communications, the cost of discovery to a defendant has become in many cases astronomical. And the cost is not only monetary; it can include, as well, the disruption of the defendant's operations. If no similar costs are borne by the plaintiff in complying with the defendant's discovery demands, the costs to the defendant may induce it to agree early in the litigation to a settlement favorable to the plaintiff."); *see also Coss v. Playtex Prods., LLC,* No. 08-50222, 2009 WL 1455358, at *3 (May 21, 2009) ("the policy against burdensome discovery in complex cases during the pendency of a motion to dismiss holds fast."); *Hill v. Chase Bank,* No. 07-0082, 2007 WL 4224073, at *5 (N.D. Ind. Nov. 26, 2007) (staying class discovery).

Finally, temporarily staying discovery while the Court considers the pending Motion to Dismiss will not prejudice the Plaintiff, as he seeks only economic damages and no personal

injury is involved. Plaintiff presents no emergency requiring expedited discovery, and there is no indication that any evidence or witnesses would be lost during a stay.

## CONCLUSION

For the foregoing reasons, Comcast respectfully submits that, in the interest of judicial economy and conserving the resources of the parties, discovery in this action should be stayed pending resolution of Comcast's Motion to Dismiss.

Respectfully submitted,

Dated: October 12, 2012      ____/s/ Gordon B. Nash, Jr._____
Gordon B. Nash, Jr.
Chancé L. Cooper
**Drinker Biddle &Reath LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel: (312) 569-1000
Fax: (312) 569-3000

Seamus C. Duffy
Michael W. McTigue, Jr.
**Drinker Biddle &Reath LLP**
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Tel: (215) 988-2700
Fax: (215) 988-2757

*Counsel for Defendant*
*Comcast Corporation*

## **CERTIFICATE OF GOOD FAITH**

Pursuant to Federal Rule of Civil Procedure 26(c), I hereby certify that Defendant has conferred in good faith with Plaintiff in an effort to resolve this dispute without court action.


Dated:  October 12, 2012                                          */s/* Michael W. McTigue, Jr.
                                                                                                                  Michael W. McTigue, Jr.

## CERTIFICATE OF SERVICE

I, Gordon B. Nash, Jr., hereby certify that, on the date set forth below, I caused a true and correct copy of the foregoing Motion for Stay of Discovery and accompanying Memorandum of Law to be served via ECF filing upon the following parties and counsel of record:

> Alexander Holmes Burke
> Burke Law Offices, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601

Dated: October 12, 2012             /s/    Gordon B. Nash, Jr.