# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, on behalf of Himself and other similarly situated Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION, Defendant. | 1:12-cv-6421 <br><br> Judge Nordberg <br> Magistrate Judge <br><br> JURY TRIAL DEMAND |

### PLAINTIFF'S FIRST DISCOVERY REQUESTS

Plaintiff Nicholas Martin requests that defendant Comcast Corporation respond to the following requests for admissions, interrogatories, and document requests. Documents should be copied and sent to plaintiff's counsel on the date the response is due.

Throughout this request:

1. Unless otherwise specified in a particular paragraph, the time period covered by this request is January 1, 2006 to present.

2. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

3. If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g.,

1

lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4. All requests are also directed to all parent, related, affiliate and subsidiary companies of defendant, to the greatest extent permissible under the discovery rules.

5. Unless the parties agree otherwise, all requested materials should be produced in accordance with the attached document production protocol.

6. For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible, explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit A.

If you contend that any paragraph of this request is ambiguous or unduly burdensome, please contact the undersigned immediately upon recognition of this contention, and an effort will be made to remedy the problem.

### REQUESTS FOR ADMISSION

1. You received a telephone call from 630-479-3271 on October 4, 2012.

2. During an incoming call from 630-479-3271 on October 4, 2012, it was requested by the caller that service for Comcast account 8771300121267359 be cancelled.

3. You honored the request during the telephone call from 630-479-3271 on October 4, 2012, that service for Comcast account 8771300121267359 be cancelled.

4. Plaintiff mailed the letter attached as <u>Exhibit A</u> to Comcast on October 4, 2011.

5. You received <u>Exhibit A</u> in October 2011.

6. 1255 W. North Avenue, Chicago, IL 60622-1562 is an address where you accept communications via United States Mail.

7. You have access to the list of telephone numbers on the National Do Not Call Registry.

8. 630-479-3271 is currently on the National Do Not Call Registry.

9. 630-479-3271 was on the National Do Not Call Registry between and including October 8, 2011 and October 14, 2011.

10. You did not check at any time in October 2011, whether 630-479-3271 was on the National Do Not Call Registry.

11. You did not have an company specific do not call registry in October 2011.

12. Your policy in October 2011, was not to honor requests to be placed on your company specific do not call registry, if the person requesting such was currently receiving service.

13. You attempted a call to 630-479-3271 on or about October 8, 2011 at 9:59 am.

14. You attempted a call to 630-479-3271 on or about October 10, 2011 at 7:21 pm.

15. You attempted a call to 630-479-3271 on or about October 10, 2011 at 7:21 pm.

16. You attempted a call to 630-479-3271 on or about October 10, 2011 at 1:45 pm.

17. You attempted a call to 630-479-3271 on or about October 11, 2011 at 5:49 pm.

18. You attempted a call to 630-479-3271 on or about October 12, 2011 at 7:40 pm.

19. You attempted a call to 630-479-3271 on or about October 13, 2011 at 10:51 am.

20. You attempted a call to 630-479-3271 on or about October 14, 2011 at 9:25 am.

21. Your call to 630-479-3271 on or about October 8, 2011 at 9:59 am, was made using a predictive dialer.

22. Your call to 630-479-3271 on or about October 10, 2011 at 7:21 pm, was made using a predictive dialer.

23. Your call to 630-479-3271 on or about October 10, 2011 at 1:45 pm, was made using a predictive dialer.

24. Your call to 630-479-3271 on or about October 11, 2011 at 5:49 pm, was made using a predictive dialer.

25. Your call to 630-479-3271 on or about October 12, 2011 at 7:40 pm, was made using a predictive dialer.

26. Your call to 630-479-3271 on or about October 13, 2011 at 10:51 am, was made using a predictive dialer.

27. Your call to 630-479-3271 on or about October 14, 2011 at 9:25 am, was made using a predictive dialer.

28. Your records indicate that your call to 630-479-3271 on October 10, 2011 at 1:45 pm was answered.

29. Your records indicate that your call to 630-479-3271 on October 11, 2011 at 5:49 pm was answered.

30. The purpose of each of the eight calls specifically alleged in the complaint was to try to persuade plaintiff not to leave Comcast.

31. The purpose of the eight calls specifically alleged in the complaint was to bring plaintiff back to Comcast.

32. It is your contention that the company specific do-not-call rules permit Comcast 30 days within which to cease and desist calling after plaintiff terminated service.

33. It is your contention that Comcast, not plaintiff, decides when service is terminated.

34. It is your contention that Comcast, not plaintiff, decides when a cease and desist request is effective.

35. It is a policy of Comcast to call some customers after they request termination in order to try to persuade them not to leave Comcast.

36. Your representative stated that the telephone call between you and 630-479-3271 on October 10, 2011 at 1:45 pm was being recorded.

37. Although you may not currently have the recording, the telephone call between you and 630-479-3271 on October 10, 2011 at 1:45 pm was in fact recorded.

38. You were sued by the Federal Trade Commission in 2009, for violations of their Do Not Call rules.

39. You entered into a consent decree with the Federal Trade Commission in 2009, which provides that you shall not make telemarketing calls to persons who ask not to be called.

40. You called more than 100 persons after they had requested that their service be terminated, in order to try to persuade them not to leave Comcast, in 2009.

41. You called more than 100 persons after they had requested that their service be terminated, in order to try to persuade them not to leave Comcast, in 2010.

42. You called more than 100 persons after they had requested that their service be terminated, in order to try to persuade them not to leave Comcast, in 2011.

5

43. You called more than 100 persons after they had requested that their service be terminated, in order to try to persuade them not to leave Comcast, in 2012.

44. You called more than 100 persons' cell phones after they had requested that their service be terminated, in order to try to persuade them not to leave, in 2011.

45. In 2019, you did not "scrub" to determine whether telephone numbers you called were cellular telephone, or not.

46. In 2010, you did not "scrub" to determine whether telephone numbers you called were cellular telephone, or not.

47. In 2011, you did not "scrub" to determine whether telephone numbers you called were cellular telephone, or not.

48. The TCPA does not permit Comcast to call any number given to it by a customer, in perpetuity.

## INTERROGATORIES

1. Identify all calls (including attempted calls) for each of the persons in the two classes described below, including plaintiff. A complete answer will include at least the following:

   a. Identifying information for the person and number you were trying to reach (e.g. name, business name, address, email, fax number, all phone numbers) and whether the phone number called was assigned to a cellular telephone,

   b. Information for the calls themselves, including the phone number called, script for the call, the date and time of the call and the result of the call (e.g. no answer, message left, spoke with John Doe, etc.), and whom you spoke with, if anyone,

6

>    the substance of the conversation and whether the result of the call (e.g. whether the subscriber decided to continue or reinitiate service with Comcast);
>
>    c. Information regarding the dialer and equipment used, including identification of the equipment and software used to make the call (e.g. Guaranteed Contacts, Aspect, Avaya), the location for call origination/dialer; and
>
>    d. Identify the source(s) where you obtained the telephone number called and the facts and circumstances surrounding such.

Robocall Class: All persons who, on or after August 14, 2008, Comcast or someone on its behalf called their cellular telephone number using an automatic telephone dialing system and/or a prerecorded or artificial voice where the purpose of the call was to sell goods and services, where any such calls were made at a time when there was no relationship between Comcast and the called party (e.g. after termination of service or there was a request that calls cease and desist).

Telemarketing Class: All persons who on or after August 14, 2008, Comcast or someone on its behalf called on their residential or cellular telephone whose numbers are listed on the National Do Not Call Registry, at least twice within any 12 month period, in order to solicit sale of goods or services (including for example, calls made to encourage customers that had recently cancelled service not to leave, or to come back to Comcast).

2. For each person and call responsive to the previous interrogatory you contend your call was privileged or consensual for any reason (e.g. "prior express consent" or "Established Business Relationship"), identify all documents, data, materials, testimony and other things that support such contention, and explain how application of law to those facts suggests that the call was so privileged.

3. Identify all documents, data materials testimony or other things that you have possession, custody or control over, AND those that are not in your possession, custody or control but which you are aware of, that support or refute *any* affirmative defense you claim applies to any person responsive to interrogatory 2.

4. Identify your affirmative defenses (including but not limited to consent, EBR, Safe Harbor) as to plaintiff and each alleged class member. Be specific.

5. Identify and explain all policies, practices and procedures relating to the making of telephone calls to persons who had requested that their service stop, or had requesting that you stop calling them.

6. Identify all of your dialers. Include the make, model, physical location, how they are used, and whether they were used to call plaintiff or any other person responsive to interrogatory 2.

7. If you contend that an "automatic telephone dialing system" was not used to call any class member (including plaintiff), identify all documents, data, testimony and other things that support or refute this contention (whether in your possession, custody or control or not), and explain application of law to fact as to how they might support the contention.

8. Identify all categories and sources of Electronically Stored Information, including backups and other difficult to obtain categories, relating to the calls alleged in the complaint, the plaintiff and the class members.

> Include all relevant information, including at least: a description of the substance of the data, physical location, format, accessibility, person who is responsible for such data (or who has personal knowledge regarding the data) and bates number, if any. If the data has not been produced, explain why.

9. With respect to each expert, retained or nonretained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his

8

expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1. All documents, records, data, recordings and other materials relating to plaintiff or 630-479-3271, or which are indexed, filed or retrievable under any of them, or any number, symbol, designation or code (such as an account number or Social Security number) associated with any of them.

2. All documents that concern or relate to any person or phone number responsive to interrogatory 1 through 4.

3. All documents referenced or referred to in any discovery response, pleading, affidavit, declaration, memorandum, or other document you file in this case.

4. All documents that describe your dialers (e.g. manuals, training materials, emails, instructional videos, intranet how-to) or relate to whether they have the capacity to dial numbers without human intervention.

5. All documents concerning allegations of improper or illegal telemarketing. Include, for example, at least the following:

   a. Documents sent to or from the FTC, or regarding the FTC investigation and/or consent decree;

   b. Consumer complaints;

9

  c. Consumer complaints;

  d. Communications between you and any third party you have engaged to assist with customer complaints;

  e. Lawsuits, pre-suit demand letters, settlement agreements;

6. All documents that support or refute any affirmative defense in this case or relating to prior express consent to receive calls made with an automatic telephone dialing system or prerecorded or artificial voice, or Established Business Relationship for each class member including plaintiffs.

7. All documents, data or other materials you reviewed or referenced in responding to any discovery request in this case.

8. A copy of any sworn testimony relating to your dialers, or policies, practices or procedures relating to the use of dialers or telemarketing. A full response would include, for example, deposition testimony, declarations and affidavits.

9. All agreements between the parties that concern the use of a dialer.

10. All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence discussing, accepting or declining coverage or reserving rights with respect thereto.

11. All documents received from third parties that relate to this case, without regard to time. Responsive materials would include, for example, responses to subpoenas.

12. All documents and business records you keep or have kept, in order to demonstrate compliance with the consent decree you entered into with the FTC in 2009. See Section III of the consent decree.

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

Exhibit A

**INSTRUCTIONS AND DEFINITIONS**

**Definitions**

A. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E. "Identify" or "identification," when used with respect to a document, means to state the general nature' of the document (i.e., letter, memorandum, etc.); the location of the document; the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document and all revisions.

F. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; the location of the data/hard copy of the communication and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

I. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq, implementing regulations 47 C.F.R. 64.1200, and all valid FCC opinions interpreting such.

J. "Telemarketing" includes any call to induce the called party to purchase goods or services, including, for example, calls designed to induce customers who had recently asked to terminate their service to reestablish or retract their termination of service.

**Instructions**

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

### Certificate of Service

Alexander H. Burke certifies that these discovery requests were served upon counsel of record by email and United States Mail on October 5, 2012, at the following addresses:

Michael W. McTigue, Jr.
Drinker Biddle
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Michael.McTigue@dbr.com

Gordon B. Nash, Chance L. Cooper
Drinker Biddle
191 N. Wacker Dr., Ste. 3700
Chicago, IL 60606-1698
gordon.nash@dbr.com

/s/Alexander H. Burke

14