# Exhibit C



### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| _____ ) | Case No. _____ |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | STIPULATED JUDGMENT AND |
| ) | ORDER FOR PERMANENT |
| COMCAST CORPORATION, ) | INJUNCTION |
| a Pennsylvania corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("FTC" or the "Commission"), has

commenced this action by filing the Complaint herein, and Defendant Comcast Corporation

("Comcast") has waived service of the summons and the Complaint;

**WHEREAS**, the Commission alleges that after January 1, 2005, Comcast caused its

internal call centers and third-party telemarketing vendors to make over 900,000 outbound

telephone calls to consumers who had previously stated that they did not wish to receive calls

made by or on behalf of Comcast, in violation of the Telemarketing Sales Rule ("TSR"),

16 C.F.R. § 310.4(b)(1)(iii)(A);

**WHEREAS**, Comcast alleges that prior to and during the time period alleged in the

Complaint, it created and implemented policies and procedures to ensure that its internal call

centers and third-party telemarketing vendors complied with the Telemarketing Sales Rule

("TSR"), resulting in high nationwide compliance rates with respect to both the TSR's National

Do-Not-Call Registry and the TSR's entity-specific do-not-call requirements,16 C.F.R.

§ 310.4(b)(l)(iii), and further that it is entitled to the benefit of all defenses available to it under

the TSR; and

**WHEREAS**, the parties, represented by the attorneys whose names appear hereafter,

have agreed to settlement of this action without adjudication of any issue of fact or law, and

without Comcast admitting liability for any of the violations alleged in the Complaint.

**THEREFORE**, on the joint motion of the parties, it is hereby **ORDERED,**

**ADJUDGED AND DECREED** as follows:

## FINDINGS

1.      This Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. §§ 1331, 1337(a), 1345 and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), and 56(a).

2.      Venue is proper as to all parties in this District.

3.      The activities of Comcast are in or affecting commerce, as defined in Section 4 of

the FTC Act, 15 U.S.C. § 44.

4.      The Complaint states a claim upon which relief may be granted against Comcast,

under Sections 5(a), 5(m)(1)(A), and 13(b) of the Federal Trade Commission Act ("FTC Act"),

15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b).

5.      This Stipulated Judgment and Order for Permanent Injunction ("Order") is for

settlement purposes only, and does not constitute and shall not be interpreted to constitute an

admission by Comcast or a finding that the law has been violated as alleged in the

Complaint, or that the facts alleged in the Complaint, other than jurisdictional facts, are true.

6.      Comcast has entered into this Order freely and without coercion. Comcast further

acknowledges that it has read the provisions of this Order and is prepared to abide by them.

7.     Plaintiff and Comcast hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

8.     Comcast has agreed that this Order does not entitle Comcast to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Comcast further waives any rights to attorneys' fees that may arise under said provision of law.

9.     Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.     "Asset" means any legal or equitable interest in, or right or claim to, any real and personal property, including without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

2.     "Customer" means any person who is or may be required to pay for goods or services offered through telemarketing.

3.     "Comcast" means Comcast Corporation, a Pennsylvania corporation, and its successors and assigns.

4.     "Representatives" means Comcast's officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

5.     "Seller" means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration whether or not such person is under the jurisdiction of the

Commission.

6.     "Telemarketer" means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor.

7.     "Telemarketing Sales Rule" or "Rule" means the FTC Rule entitled "Telemarketing Sales Rule," 16 C.F.R. § 310, attached hereto as Appendix A, or as may be hereafter amended.

8.     "Telemarketing" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call. The term does not include the solicitation of sales through the mailing of a catalog which: contains a written description or illustration of the goods or services offered for sale; includes the business address of the seller; includes multiple pages of written material or illustrations; and has been issued not less frequently than once a year, when the person making the solicitation does not solicit customers by telephone but only receives calls initiated by customers in response to the catalog and during those calls takes orders only without further solicitation. For purposes of the previous sentence, the term "further solicitation" does not include providing the customer with information about, or attempting to sell, any other item included in the same catalog which prompted the customer's call or in a substantially similar catalog.

9.     "Outbound telephone call" means a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

10.     "Person" means any individual, group, unincorporated association, limited or general partnership, corporation, limited liability company, or other business entity.

11.     "Comcast goods or services" means the providing of entertainment and

communication goods and services, including but not limited to cable television, Internet, and Voice over Internet-Protocol ("VoIP") telephone services, and all other attendant goods and services.

12.     "Entity-Specific Do-Not-Call List" means the list maintained by or on behalf of Comcast of those persons, whether or not they are customers, who have previously stated that they do not wish to receive an outbound telephone call made by or on behalf of Comcast, pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(A).

## ORDER

## I. PROHIBITION AGAINST ABUSIVE TELEMARKETING PRACTICES

IT IS ORDERED that, in connection with telemarketing, Comcast and its Representatives are hereby permanently restrained and enjoined from engaging in, causing other persons to engage in, or assisting other persons to engage in, violations of the Telemarketing Sales Rule, including but not limited to initiating any outbound telephone call to a person when that person has previously stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered, unless Comcast demonstrates that it has satisfied the provisions of 16 C.F.R. § 310.4(b)(3) (the Telemarketing Sales Rule Do Not Call safe harbor);

*Provided, however,* that if the Commission promulgates rules that modify or supersede the Telemarketing Sales Rule, in whole or part, Comcast shall comply fully and completely with all applicable requirements thereof, on and after the effective date of any such rules.

## II. CIVIL PENALTY AND RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.     Judgment in the amount of Nine Hundred Thousand Dollars ($900,000.00) is hereby entered against Comcast as a civil penalty, pursuant to Section 5(m)(1)(A) of the Federal Trade Commission Act, 15 U.S.C. § 45(m)(1)(A).

B.     Within ten (10) days of receipt of notice of entry of this Order, Comcast shall transfer the full amount of the civil penalty in the form of a wire transfer or certified or cashier's check made payable to the Treasurer of the United States.  The check or written confirmation of the wire transfer shall be delivered to:  Director, Office of Consumer Litigation, U.S. Department of Justice Civil Division, P.O. Box 386, Washington, DC 20044.  The cover letter accompanying the check shall include the title of this litigation and a reference to DJ# 102-3540.

C     In the event of default on the payment required to be made by this Paragraph, the entire unpaid civil penalty, together with interest computed under 28 U.S.C. § 1961 -- accrued from the date of default until the date of payment -- shall be immediately due and payable. Comcast agrees that, in such event, the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by Plaintiff or the Commission to enforce their rights pursuant to this Order, including but not limited to a nondischargeability complaint in any subsequent bankruptcy proceeding.

D.     In accordance with 31 U.S.C. § 7701, Comcast is hereby required, unless it has done so already, to furnish to Plaintiff and the FTC its taxpayer identifying number(s) (social security numbers or employer identification numbers) which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Comcast's relationship with the government.

## III. RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that for a period of five (5) years from the date of entry of this Order, Comcast, and its successors and assigns, shall maintain and make available to the Plaintiff or Commission, within twenty-one (21) days of the receipt of a written request, business records demonstrating compliance with the terms and provisions of this Order.

## IV. DISTRIBUTION OF ORDER BY COMCAST AND ACKNOWLEDGMENTS OF RECEIPT

**IT IS FURTHER ORDERED** that Comcast shall, within thirty (30) days of the entry of this Order, provide a copy of this Order including Appendix A to all of its corporate directors, all of its officers and other management-level personnel having decision-making authority with respect to the subject matter of this Order, including but not limited to the Executive Director, National Telemarketing Services, and all of its agents engaged in telemarketing activities on its behalf, secure from each such person a signed statement acknowledging receipt of a copy of this Order; and shall, within ten (10) days of complying with this Paragraph, file an affidavit with the Court and serve the Commission, by mailing a copy thereof, to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, DC 20580
> Re: **United States v. Comcast Corporation**,
> Civil Action No. __-CV-____ (E.D.Pa.),

setting forth the fact and manner of their compliance, including the name and title of each person to whom a copy of the Order has been provided.

## V. COMMUNICATION WITH COMCAST

**IT IS FURTHER ORDERED** that for the purposes of compliance reporting, if undersigned counsel no longer represents Comcast, Plaintiff and the Commission are authorized

to communicate directly with Comcast through its Office of General Counsel.

## VI.  FEES AND COSTS

**IT IS FURTHER ORDERED** that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

## VII.  SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

## VIII.  COMPLETE SETTLEMENT

The parties, by their respective counsel, hereby consent to entry of the foregoing Order which shall constitute a final judgment and order in this matter.  The parties further stipulate and agree that the entry of the foregoing Order shall constitute a full, complete, and final settlement of this action.

## IX.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against Comcast, pursuant to all the terms and conditions recited above.

//      //      //

//      //      //

//      //      //

//      //      //

FOR THE PLAINTIFF:
FOR THE UNITED STATES OF AMERICA

MICHAEL F. HERTZ
Acting Assistant Attorney General
Civil Division
U.S. DEPARTMENT OF JUSTICE

LAURIE MAGID
United States Attorney


STACEY L.B. SMITH
Assistant U.S. Attorney
Eastern District of Pennsylvania
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
PHONE: 215-861-8200
FAX:     215-861-8609


EUGENE M. THIROLF
Director
Office of Consumer Litigation

KENNETH L. JOST
Deputy Director
Office of Consumer Litigation


DANIEL K. CRANE-HIRSCH
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
PO Box 386
Washington, D.C. 20044
PHONE: 202-616-8242
FAX:     202-514-8742
Daniel.Crane-Hirsch@usdoj.gov

FOR THE FEDERAL TRADE COMMISSION:

_____

LEONARD L. GORDON
Director
Northeast Region

MICHELE STOLLS
NUR-UL-HAQ
Attorneys
Federal Trade Commission
Northeast Region
One Bowling Green, Suite 318
New York, NY 10004

FOR DEFENDANT COMCAST CORPORATION:

_____

Comcast Corporation,
by Arthur R. Block, Sr. Vice President
_____


_____
MITCHELL N. ROTH
MICHAEL R. SKLAIRE
THOMAS J. MCKEE, JR.
BETH HIRSCH BERMAN
Attorneys for Defendant Comcast Corporation
WILLIAMS MULLEN
A Professional Corporation
8270 Greensboro Drive, Suite 700
McLean, VA 22102


SO ORDERED this 16th day of _____, 2009.

_____
UNITED STATES DISTRICT JUDGE