UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN, on behalf of Himself and other similarly situated | ) ) | 1:12-cv-6421 |
| Plaintiff, | ) ) | |
| | ) | Judge Nordberg |
| v. | ) | Magistrate Judge Keys |
| | ) | |
| COMCAST CORPORATION, | ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

**MOTION FOR LEAVE TO SUBMIT ADDITIONAL AUTHORITY
IN OPPOSITION TO COMCAST'S MOTION TO DISMISS**

Plaintiff respectfully requests that this Court grant him leave to submit *Gager v. Dell Financial Services, LLC*, case no 12-2823, --- F.3d ----, 2013 WL 4463305 (3d Cit. Aug. 22, 2013) as additional authority in this case. In support of this motion, plaintiff states:

1. This is a Telephone Consumer Protection Act case, brought pursuant to that statute's prohibitions against:

    a. Using an "automatic telephone dialing system" to call cell phones without consent, 47 U.S.C. §227(b) (Count I), and

    b. Calling telephone numbers that are on the National Do Not Call Registry and/or after a company-specific request that telemarketing calls cease. 47 U.S.C. §227(c); 47 C.F.R. §§ 64.1200(c)(4); 64.1200(d)(3) (Count II).

2. Comcast has moved to dismiss Count I, focusing on consent. Comcast argues that the Court should construe the complaint to understand that plaintiff gave his phone number to Comcast, thus providing irrevocable consent to be called with an autodialer.[1]

---

[1] Plaintiff has asked Comcast to provide proof of its "prior express consent" affirmative defense, but Comcast asked the Court to stay discovery during the pendency of the motion to dismiss, and has opted not to provide such documentation informally. Plaintiff does not recall giving his phone number to Comcast.

3. One point plaintiff made in opposition to this argument was that he revoked consent, and pleaded such in paragraph 14 of the complaint: "Plaintiff also separately demanded that the calls stop, in writing, in a letter mailed on or about October 4, 2011."

4. On August 22, 2013, the Third Circuit decided *Gager v. Dell Financial Services, LLC*, case no 12-2823, --- F.3d ----, 2013 WL 4463305 (3d Cir. Aug. 22, 2013), which is direct, persuasive authority on this issue.

5. *Gager* holds, consistent with plaintiff's argument, that "the TCPA affords [consumers] the right to revoke her prior express consent to be contacted on her cellular phone via an autodialing system." *Id*. at *3.

6. Thus, even if plaintiff had previously consented to receive autodialed calls, which is a contested fact at this early stage of the case, the complaint states a cause of action because it alleges that plaintiff asked not to be called.

7. The *Gager* case is also relevant to the motion to dismiss in this case because it points out that ambiguities in the TCPA should be construed liberally in favor of protecting consumer privacy:

> The TCPA is a remedial statute that was passed to protect consumers from unwanted automated telephone calls. Because the TCPA is a remedial statute, it should be construed to benefit consumers. Therefore, the TCPA's silence as to revocation should not be seen as limiting a consumer's right to revoke prior express consent. Instead, we view the silence in the statute as evidence that the right to revoke exists.

*Id*. at *4 (citations omitted).

8. In its motion to dismiss, Comcast urges the Court to create a 30 day "grace period" for a company to process requests not to call made by persons with whom a company has an existing business relationship, but where there has been a request for calls to cease,

even though there exists none in the regulations, statute or under federal common law.[2] On the contrary, the FCC's 2003 order makes clear that any EBR exists only "until the consumer asks to be placed on that company's do-not-call list." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14069; ¶113 (Jul. 5, 2003). It is plaintiff's position that the FCC's rule is unblemished on this point. To the extent that it is not crystal clear, ambiguities should be decided in favor of privacy protections pursuant to *Gager*.

9.  Plaintiff respectfully requests that the Court consider this decision in addressing Comcast's motion to dismiss in this case.

WHEREFORE, plaintiff respectfully requests that the Court grant him leave to submit *Gager v. Dell Financial Services, LLC*, case no 12-2823 (3d Cit. Aug. 22, 2013) as additional authority in this case.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

---

[2] There exists no 30-day "grace period" for compliance with a consumer's company-specific do not call request either. As explained in plaintiff's opposition papers, 47 C.F.R. §64.1200(d)(3) contains a requirement that companies honor a do not call request within a "reasonable time," which may not exceed thirty days, but may be much shorter, depending upon the resources of the company. "[T]elemarketers with the capability to honor such company-specific do-not-call requests in less than thirty days must do so." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14069; ¶94 (Jul. 5, 2003).