UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN,<br><br>        Plaintiff,<br><br>  vs.<br><br>COMCAST CORPORATION,<br><br>        Defendant. | Case No. 1:12-cv-6421<br><br>Honorable John A. Nordberg |

**DEFENDANT COMCAST CORPORATION'S RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL AUTHORITY**

On August 26, 2013, Plaintiff sought leave to submit supplemental authority in opposition to Comcast's Motion to Dismiss. The Court granted Plaintiff's Motion on August 30, 2013. Comcast submits this response to the arguments made in the Plaintiff's motion. As explained below, the supplemental authority in the Third Circuit's recent opinion in *Gager v. Dell Financial Services, LLC*, -- F.3d --, No. 12-2823, 2013 WL 4463305 (3d Cir. Aug. 22, 2013), has no bearing on this case.

In *Gager*, the Third Circuit addressed whether the Telephone Consumer Protection Act ("TCPA") affords consumers the right to revoke their prior consent to be contacted via an automatic telephone dialing system on their cellular phones. 2013 WL 4463305, at * 2. The court held that it does, basing its holding on the TCPA's language and purpose and common law principles of consent. *See id.* It did not, however, address the TCPA's Do-Not-Call ("DNC") rules or the FCC's interpretation of those rules.

Plaintiff calls *Gager* "direct, persuasive authority," Mot. ¶ 4, the implication being that, like the defendant in *Gager*, Comcast argued that Plaintiff did not have the right to withdraw his

prior consent. Comcast argued no such thing. On the contrary, Comcast accepted as true for purposes of its Motion to Dismiss the Plaintiff's allegation that he withdrew his prior consent, and assumed for argument's sake that he had a legal right to do so.[1] *See* Mot. to Dismiss at 9-10. Instead, Comcast argued that Plaintiff had not stated a claim even if he had mailed the alleged letter that withdrew his prior consent, because the FCC gives businesses a "reasonable time" in which to comply with such requests. *See* 47 C.F.R. § 64.1200(d)(3) (creating grace period for complying with DNC requests); *see also* Mot. to Dismiss at 9 ("Although Plaintiff alleges that he withdrew his prior consent to be contacted by Comcast in a letter requesting that Comcast place his wireless number on its company-specific DNC registry, the facts alleged still do not establish a violation of Section 227(c) because Comcast had up to thirty (30) days under the law to register and comply with such a request."). The *Gager* decision simply does not speak to this grace period.

The Third Circuit's opinion in *Gager* rests, in part, on the FCC's declaratory ruling on a Petition by SoundBite seeking guidance on the permissibility of text messages that confirm a consumer's request not to receive text messages. The FCC concluded that a one-time text message confirming a consumer's do not text request does not violate the TCPA. *See* 2013 WL 4463305, at * 3 (*citing In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, SoundBite Communications, Inc.*, 27 FCC Rcd. 15391 (Nov. 26, 2012) (hereinafter "*SoundBite*")). SoundBite had argued that the 30-day grace period, which

---

[1] Courts are not in complete agreement on the issue of whether consumers have the right to revoke their prior express consent. *See, e.g., Chavez v. Advantage Grp.*, -- F. Supp. 2d --, No. 12-cv-02819, 2013 WL 4011006, at * 3-4 (D. Col. Aug. 5, 2013) (finding TCPA does not provide a consumer with the right to revoke consent once given); *Kenny v. Mercentile Adjustment Bureau, LLC*, No. 10-cv-1010, 2013 WL 1855782, at *7 (W.D.N.Y. May 1, 2013) (same); *Saunders v. NCO Fin. Sys., Inc.*, 910 F. Supp. 2d 464, 468-69 (E.D.N.Y. 2012) (same).

is at issue in this matter and which applies to telemarketing calls, should also apply to text messages, but the FCC expressly concluded that it need not address the applicability of the 30-day grace period to text messages to resolve the Petition. *See SoundBite*, 27 FCC Rcd. 15391 ¶ 7 n.30.

Plaintiff also claims that "Comcast urges the Court to create a 30 day 'grace period' . . . even though there exists none in the regulations, statute or under federal common law." Mot. ¶ 8. This is a gross mischaracterization of Comcast's argument, the law and the record.

If Plaintiff is suggesting that there is no such "grace period," he is mistaken. The FCC established a grace period for compliance in its regulations implementing the TCPA:

> If a person or entity making a call for telemarketing purposes . . . receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. ***Persons or entities making calls for telemarketing purposes . . . must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the dates of such request.***

47 C.F.R. § 64.1200(d)(3) (emphasis added). Even if we accept Plaintiff's allegations as true and draw all reasonable inferences (and indeed many unreasonable inferences) in his favor, Comcast's conduct, as alleged in the complaint was "reasonable" as a matter of law:

> Based on a generous reading of the Complaint, Comcast processed and honored the alleged DNC request within a reasonable time. Plaintiff alleges that he mailed his DNC request 'on or about October 4, 2011.' Compl. ¶ 14. There is no allegation of receipt of that request. *Id*. But even under the most liberal reading of the Complaint, and assuming receipt three days later on October 7, 2011, by his own admission, ***within one week, he received no further calls.*** That is well within the time period allowed under the law and as a matter of law it cannot serve as a basis for a claim under Section 227(c).

Reply in Support of Mot. to Dismiss at 13 (emphasis added).

3

| | |
|---|---|
| Dated: September 3, 2013 | Respectfully submitted, |

/s/ Gordon B. Nash
Gordon B. Nash, Jr. (ARDC No. 201799)
Gordon.Nash@dbr.com
Chancé L. Cooper (ARDC No. 6292598)
Chance.Cooper@dbr.com
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel: (312) 569-1000
Fax: (312) 569-3000

Seamus C. Duffy
Seamus.Duffy@dbr.com
Michael W. McTigue Jr.
Michael.McTigue@dbr.com
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Tel: (215) 988-2700
Fax: (215) 988-2757

*Counsel for Defendant*
*Comcast Corporation*