**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NICHOLAS MARTIN,

        Plaintiff,

    vs.

COMCAST CORPORATION,

      Defendant.

Case No. 1:12-cv-6421

Honorable John A. Nordberg

**DEFENDANT COMCAST CORPORATION'S FIRST AMENDED
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Comcast Corporation ("Comcast"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 8(b), answers the Complaint of Plaintiff Nicholas Martin ("Plaintiff") as follows. Comcast reserves the right to amend or supplement the following answers as information is gathered through discovery. Any allegations that are not specifically admitted herein are denied.

## INTRODUCTION

1.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing … can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, §2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER:** Paragraph 1 contains no allegations of fact to which a response is required. To the extent a response is required, the allegations of this paragraph are denied.

2.     In 1995, under its authority to adopt rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108, the

Federal Trade Commission adopted the Telemarketing Sales Rule, 16 C.F.R. § 310 ("TSR"), which was later amended in 2003. Among other things, the amended TSR established a "Do Not Call Registry." The Registry lists the telephone numbers of consumers who have informed the FTC that they do not wish to receive certain types of telemarketing calls.

**ANSWER:** Paragraph 2 contains no allegations of fact to which a response is required. To the extent a response is required, the allegations of this paragraph are denied.

3.      The TCPA prohibits persons or entities from initiating telephone solicitations to "Do Not Call" registered telephone subscribers. 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(c). A person whose number is on the Registry, and who has received more than one telephone call on her residential telephone within any 12-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c). The FCC ruled that cellular telephones were subject to the same protections as residential lines in 2003. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 18 FCC Rcd. 14,014, 14, 038-14,040; ¶¶ 33-37 (July 3, 2003).

**ANSWER:** Paragraph 3 contains conclusions of law to which no response is required. To the extent a response is required, the allegations set forth in Paragraph 3 are denied.

4.      The law contains a safe harbor provision that exempts from liability a person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) who has obtained the subscriber's prior express invitation or permission to make the call. 47 C.F.R. § 64.1200(c)(2)(ii). Plaintiff is not aware of ever having given defendant any consent or permission to be called on his cellular telephone.

**ANSWER:** The first sentence of Paragraph 4 contains conclusions of law related to the TCPA to which no response is required. To the extent a response is required, those allegations

are denied. Comcast lacks knowledge or information sufficient to form a belief about the truth

of the remaining allegations in Paragraph 4 and therefore denies the same. However, Plaintiff

provided Comcast with his cellular telephone number as his primary contact number in

connection with his receipt of services from Comcast.

5.     The TCPA contains additional restrictions against making any call to a cellular

telephone number using an "automatic telephone dialing system;" or using any "artificial or

prerecorded voice."  47 U.S.C. § 227(b)(1)(A)(iii), regardless of the content of the call.

**ANSWER:**  Paragraph 5 contains conclusions of law to which no response is required.

To the extent a response is required, the allegations set forth in Paragraph 5 are denied.

## JURISDICTION AND VENUE

6.     This Court has federal question subject matter jurisdiction because this cause of

action arises under federal law.  *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18,

2012).

**ANSWER:**  Paragraph 6 contains conclusions of law to which no response is required.

To the extent a response is required, the allegations set forth in Paragraph 6 are denied.

7.     Venue is appropriate in this District because defendant resides here, and because a

substantial portion of the events giving rise to this cause of action occurred here.

**ANSWER:**  Comcast denies that it resides in this District and is without sufficient

information as to the remaining allegations of Paragraph 7, and on that basis, denies them.

## PARTIES

8.     Plaintiff Nicholas Martin is an individual who resides in this District.

**ANSWER:**  Comcast lacks knowledge or information sufficient to form a belief about

the truth of the remaining allegations in Paragraph 8 and therefore denies the same.

9.    Defendant Comcast Corporation ("Comcast") is a communications company that has offices in Chicago, Illinois.

**ANSWER:**  Denied as stated.  By way of further response, Comcast Corporation is a corporation with corporate offices located in Philadelphia, Pennsylvania.

### FACTS

10.    Plaintiff's cellular telephone is registered with the National Do-Not-Call ("DNC") Registry.

**ANSWER:**  Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 and therefore denies the same.

11.    Defendant Comcast, or some authorized entity on its behalf, called Plaintiff's cellular telephone at least eight times, including (but not necessarily limited to) calls at the following approximate dates and times:

    a.  October 8, 2011 at 9:59 am;

    b.  October 10, 2011 at 7:21 pm;

    c.  October 10, 2011 at 1:45 pm*;

    d.  October 11, 2011 at 5:49 pm*;

    e.  October 11, 2011 at 11:48 am;

    f.  October 12, 2011 at 7:40 pm;

    g.  October 13, 2011 at 10:51 am;

    h.  October 14, 2011 at 9:25 am.

There very likely are more calls about which plaintiff does not know.  Plaintiff answered the two calls with asterisks.

**ANSWER:** Comcast admits only that it or some authorized entity on its behalf, called Plaintiff between October 8, 2011 and October 14, 2011 on the primary contact number he provided to Comcast and that someone answered some of those calls. After reasonable investigation, Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the same.

12.     Each of the calls was made using an automatic telephone dialing system, as that term is defined by the Telephone Consumer Protection Act and implementing regulations and orders.

**ANSWER:** Paragraph 12 contains conclusions of law to which no response is required. To the extent a response is required, the allegations set forth in Paragraph 12 are denied.

13.     Each of the calls to plaintiff was made after plaintiff had cancelled service with Comcast, and was initiated by Comcast for the purpose of selling Comcast goods and/or services to plaintiff.

**ANSWER:** Comcast admits only that calls made to Plaintiff between October 8, 2011 and October 14, 2011 – shortly after Plaintiff called Comcast to request that his service with Comcast be cancelled – were for the purpose of retention. After reasonable investigation, Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the same.

14.     Plaintiff also separately demanded that the calls stop, in writing, in a letter mailed on or about October 4, 2011.

**ANSWER:** Denied.

15.     It is the practice of Comcast to call customers who have cancelled their services in order to try to entice their former customers to return to Comcast.

**ANSWER:** Denied as stated. Comcast admits only that it calls some customers who cancel their services on the telephone numbers provided by those customers to Comcast for the purpose of retention.

16. Plaintiff and the class have been substantially damaged by defendant's calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

**ANSWER:** Denied.

## COUNT I – TCPA - Robocalls

17. Plaintiff incorporates all previous paragraphs.

**ANSWER:** Comcast incorporates the proceeding paragraphs of this Answer as if set forth herein at length.

18. Comcast violated the TCPA by placing robocalls to plaintiff and the class members' cell phones using its automatic telephone dialing system without the prior express consent of the called party.

**ANSWER:** Denied.

19. Comcast's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. § 312(f)(1).

**ANSWER:** Denied.

## CLASS ALLEGATIONS

20. Plaintiff brings this claim on behalf of a class, consisting of:

All persons who, within four years of filing this complaint, Comcast or someone on its behalf called their cellular telephone number using an automatic telephone dialing system and/or a prerecorded or artificial voice where the purpose of the call was to sell goods and services, where any such calls were made at a time when there was no relationship between Comcast and the called party (e.g. after termination of service).

**ANSWER:** Paragraph 20 does not contain allegations that require a response. To the extent a response is required, the allegations set forth in Paragraph 20 are denied.

21. The class does not include calls made for legitimate debt collection purposes.

**ANSWER:** Paragraph 21 does not contain allegations that require a response. To the extent a response is required, the allegations set forth in Paragraph 21 are denied.

22. Plaintiff is a member of this class.

**ANSWER:** Denied.

23. The class is so numerous that joinder of all members is impractical. Upon information and belief, Plaintiff alleges that there are more than 40 members of the class.

**ANSWER:** Denied.

24. There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

a. Whether defendant used an automatic telephone dialing system as is defined in the TCPA and applicable FCC regulations and orders to place the calls at issue; and

b. Damages, including whether the violations were negligent, willful or knowing.

**ANSWER:** Denied.

25. Plaintiff's claims are typical of the class members' claims. Defendant used the same or similar type of automatic telephone dialing system to make the calls at issue in this case.

**ANSWER:** Denied.

26.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER**:  Denied.

27.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims is small because it is not economically feasible to bring individual actions.

**ANSWER**:  Denied.

28.     Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

**ANSWER**:  Denied.

29.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER**:  Denied.

30.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

A.      Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful or knowing;

B.      An injunction against further violations;

C.      A declaration that Comcast's equipment is regulated by the TCPA;

D.      Cost of suit;

E.      Reasonable attorney's fees as part of a common fund, if any;

F.      Such other further relief as the Court deems just and proper.

**ANSWER:**  Comcast denies the allegations contained in Paragraph 30.  Comcast further denies that Plaintiff is entitled to the relief requested in the "Wherefore" clause following Paragraph 30 of the Complaint, including all subparts thereof.

## COUNT II – TCPA – DO Not Call

30.      Plaintiff incorporates all previous paragraphs.

**ANSWER:**  Comcast incorporates the proceeding paragraphs of this Answer as if set forth herein at length.

31.      Comcast violated the Do Not Call portion of the TCPA, 47 U.S.C. § 227(c), by placing multiple telemarketing calls to plaintiff and the class members within one year of each other.

**ANSWER:**  Denied.

32.      Comcast did not have permission to make these calls.

**ANSWER:**  Denied.

33.     Comcast's violations were negligent, or alternatively, they were willful or

knowing.  47 U.S.C. § 312(f)(1).

**ANSWER:**  Denied.

## CLASS ALLEGATIONS

34.     Plaintiff brings this claim on behalf of a class, consisting of:

All persons who on or after a date four years before the filing of this complaint, defendant
or someone on its behalf called on their residential or cellular telephone whose numbers
are listed on the National Do Not Call Registry, at least twice within any 12 month period,
in order to solicit sale of goods or services, where defendant does not have a signed,
written agreement between the called party and Comcast that states the consumer agrees to
be contacted for telemarketing purposes by Comcast, and includes the telephone number to
which the calls were placed. [47 C.F.R. § 64.1200(c)(2)(ii).]

**ANSWER:**  Paragraph 34 does not contain allegations that require a response.  To the

extent a response is required, the allegations set forth in Paragraph 34 are denied.

35.     Excluded from the class is any person with whom Comcast has a "personal

relationship."  47 C.F.R. 64.1200(c)(iii).  Plaintiff does not believe any such persons exist.

**ANSWER:**  Paragraph 35 does not contain allegations that require a response.  To the

extent a response is required, the allegations set forth in Paragraph 35 are denied.

36.     Plaintiff is a member of this class.

**ANSWER:**  Denied.

37.     The class is so numerous that joinder of all members is impracticable.  Upon

information and belief, Plaintiff alleges that there are more than 40 members of the class.

**ANSWER:**  Denied.

38.     There are questions of law and fact common to the class which predominate any

questions affecting an individual class member.  The predominant common questions include:

a.  Whether defendant's calls were solicitations within the meaning of the TCPA and applicable FCC regulations and orders to place the calls at issue;

b.  Damages, including whether the violations were negligent, willful or knowing.

**ANSWER**:  Denied.

39.    Plaintiff's claims are typical of the claims of the class members.  Each person was solicited by defendant under the same circumstances.

**ANSWER**:  Denied.

40.    Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER**:  Denied.

41.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against is small because it is not economically feasible to bring individual actions.

**ANSWER**:  Denied.

42.    Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

**ANSWER**:  Denied.

43.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER:** Denied.

44.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

A.  Statutory damages of up to $500 per violation, and up to $1500 per violation if proven to be willful or knowing;

B.  An injunction against further violations;

C.  A declaration that Comcast's calls constituted telemarketing and that their practices violate the Do Not Call portion of the Telemarketing Sales Rule;

D.  Costs of suit;

E.  Reasonable attorney's fees as part of a common fund, if any;

F.  Such other or further relief as the Court deems just and proper.

**ANSWER:** Comcast denies the allegations contained in Paragraph 44.  Comcast further denies that Plaintiff is entitled to the relief requested in the "Wherefore" clause following Paragraph 44 of the Complaint, including all subparts thereof.

## **AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiff, Comcast asserts the following affirmative defenses to Plaintiff's claims. Comcast reserves the right to amend or supplement the following affirmative defenses, including without limitation, the right to amend as information is gathered through discovery regarding Plaintiff and/or putative class members, and/or in the event any of the claims set forth in the Complaint are certified for class treatment.

1.      The Complaint, and each cause of action and allegation therein, fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

2.      Plaintiff's claims, as well as those of putative class members, are barred in whole or in part, because they had an established business relationship with Comcast.

3.      Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, because they consented to any calls on their cellular telephones.

4.      Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, because they were not charged for any calls.

5.      Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, because they could not and/or never revoked consent to be called on their cellular telephones.

6.      Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part because, to the extent that they requested to be placed on Comcast's internal do-not-call list, Comcast honored that request within the time period allowed by the FCC.

7.      Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, by the primary jurisdiction doctrine.

8.      Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, by the doctrine of laches and are otherwise time barred.

9.      Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, by the doctrine of release.

10.      Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, by the doctrines of estoppel and equitable estoppel.

11.      Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, by the doctrine of unclean hands.

12.      Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, by the doctrine of waiver and/or ratification.

13.      Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, for lack of standing.

14.      Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, by the doctrine of recoupment and/or set-off.  Comcast is entitled to offset and recoup against any judgment that may be entered for Plaintiff and/or any member of the putative class for all obligations owing to Comcast, including but not limited to any unpaid account balances and/or any damages incurred in connection with any termination of contracts between Comcast and Plaintiff and/or any member of the putative class.

15.      Any award to Plaintiff and/or putative class members in this action would constitute unjust enrichment.

16.      Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, by the terms and conditions and/or limitations of liability contained in applicable contracts with Comcast.

14

17.     Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, because any alleged damages were not caused by Comcast but instead by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Comcast is not responsible.  To the extent Plaintiff and/or putative class members claims they suffered any injury or damages, which Comcast denies, their claims are barred, in whole or in part, because they failed to mitigate their damages, if any.

18.     Plaintiff's claims are barred, in whole or in part, because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23 because the proposed class does not satisfy the requirements described therein, including, but not limited to, class definition, ascertainability, numerosity, commonality, typicality, adequacy of representation, superiority, and manageability.

19.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a proper representative to bring this action on behalf of any proposed class.

20.     Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, because Comcast did not willfully or knowingly violate the Telephone Consumer Protection Act of 1991 or any of its regulations.

21.     Plaintiff's claims, as well as those of putative class members, are barred, in whole or in part, because Comcast has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations under the Telephone Consumer Protection Act of 1991 or any of its regulations.

22.     To the extent Plaintiff or the putative class seek recovery of attorney's fees, such fees are not recoverable under the Telephone Consumer Protection Act of 1991.

23.     Comcast does not currently have sufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses or counterclaims available.  Defendant expressly reserves the right to assert additional affirmative defenses or counterclaims that may come to light as the action progresses.

## PRAYER FOR RELIEF

WHEREFORE, Comcast respectfully prays for judgment as follows:

1.   That Plaintiff's Complaint be dismissed with prejudice and judgment entered in favor of Comcast;

2.   That Plaintiff and any member of the putative class take nothing by the Complaint;

3.   That Comcast be awarded its reasonable attorneys' fees and costs of this action; and

4.   That Comcast be awarded such other and further relief as the Court deems just and proper.


Dated:  December 23, 2013

/s/ Gordon B. Nash
Gordon B. Nash, Jr. (ARDC No. 201799)
Gordon.Nash@dbr.com
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel: (312) 569-1000
Fax: (312) 569-3000

Seamus C. Duffy
Seamus.Duffy@dbr.com
Michael W. McTigue Jr.
Michael.McTigue@dbr.com
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Tel: (215) 988-2700
Fax: (215) 988-2757

*Counsel for Defendant*
*Comcast Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I, Gordon B. Nash, Jr., hereby certify that, on the date set forth above, I caused a true and correct copy of the foregoing *First Amended Answer and Affirmative Defenses to Plaintiff's Complaint* to be served via ECF filing upon the following parties and counsel of record:

Alexander Holmes Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL  60601

/s/ Gordon B. Nash, Jr.
Gordon B. Nash, Jr.