IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, on behalf of himself and others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>COMCAST CORPORATION,<br><br>     Defendant. | NO. 1:12-cv-06421<br><br>Honorable Sharon Johnson Coleman<br><br>DEMAND FOR JURY TRIAL<br><br>DATE:  June 27, 2014<br>TIME:  9:00 a.m.<br>LOCATION: Courtroom 1425 |

## JOINT STATUS REPORT

The parties, by their respective counsel, hereby submit this joint status report pursuant to Order of Court dated June 11, 2014.

**A. The Nature of the Case**

  **1. Identification of Attorneys of Record**

Attorneys for Plaintiff:

  Alexander H. Burke (Lead Trial Attorney)
  Email:  aburke@burkelawllc.com
  BURKE LAW OFFICES, LLC
  155 North Michigan Avenue, Suite 9020
  Chicago, Illinois  60601
  Telephone:  (312) 729-5288
  Facsimile:  (312) 729-5289

      Beth E. Terrell, *Admitted Pro Hac Vice*
      Email: bterrell@tmdwlaw.com
      Michael D. Daudt, *Admitted Pro Hac Vice*
      Email: mdaudt@tmdwlaw.com
      TERRELL MARSHALL DAUDT
        & WILLIE PLLC
      936 North 34th Street, Suite 300
      Seattle, Washington 98103-8869
      Telephone: (206) 816-6603
      Facsimile: (206) 350-3528

Attorneys for Defendant:

      Gordon B. Nash, Jr., ARDC No. 201799
      Email: Gordon.Nash@dbr.com
      DRINKER BIDDLE & REATH LLP
      191 North Wacker Drive, Suite 3700
      Chicago, Illinois 60606-1698
      Telephone: (312) 569-1000
      Facsimile: (312) 569-3000

      Seamus C. Duffy (Lead Trial Attorney)
      Email: Seamus.Duffy@dbr.com
      Michael W. McTigue Jr.
      Email: Michael.McTigue@dbr.com
      DRINKER BIDDLE & REATH LLP
      One Logan Square, Suite 2000
      Philadelphia, Pennsylvania 19103-6996
      Telephone: (215) 988-2700
      Facsimile: (215) 988-2757

    **2.**     **Nature of Claims Asserted**

Plaintiff's Position:

    Plaintiff Nicholas Martin makes claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, on behalf of himself and others similarly situated. Specifically, during the class period, Comcast had a policy and practice of using an automatic dialer to call former customers to try to "win back" their business. Comcast made these calls without regard to whether the numbers called were on the National Do-Not-Call Registry, without regard to whether customers had told Comcast not to call them, and without regard to whether it was calling cellular telephones. For example, Comcast called Plaintiff about

a dozen times after he asked not to be called. The calls to Plaintiff and the class members violated the TCPA, 47 U.S.C. §§ 227(b) and 227(c).

Comcast's attempt to reargue its motion to strike in this joint submission is improper. Moreover, Plaintiff does not think that the Court needs Comcast to tell the Court what its order on the motion to dismiss (Dkt. #34) says or means. As is evident from the record, Plaintiff has not conceded his class claims (Dkt. #42 ¶¶ 2–4), and this remains a putative class action case.

<u>Defendant's Position</u>:

Contrary to Plaintiff's contentions above, there are no currently pending class allegations. On January 10, 2014, Comcast filed a Motion to Strike Class Allegations based on the Court's previous ruling on Comcast's Motion to Dismiss. Rather than responding to the Motion to Strike, Plaintiff instead filed a Motion to Amend the Complaint, thereby conceding that his pending putative class allegations were not viable. Comcast opposed Plaintiff's Motion to Amend only insofar as it relates to new proposed putative class allegations, because such allegations do not cure the putative class defects and are therefore futile.

As to Plaintiff's individual claims, the Court has already determined that if Plaintiff provided his cell phone to Comcast, he will be "deemed to have consented to the calls" and Comcast could call him, even after he terminated his service, irrespective of the National Do-Not-Call registry because an established business relationship ("EBR") is an exemption to the TCPA DNC rules. Memorandum Opinion and Order dated November 26, 2013 [Dkt. # 34] at 4; *see also Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 69 F.R. 44144-01, 44147 ¶ 15 (Jul. 25, 2003) ("[W]e have provided certain exemptions to the do-not-call registry in recognition of legitimate telemarketing business practices. For example, sellers of goods or services via telemarketing can continue to contact consumers on the national list with whom they have an established business relationship."). Indeed, the Court specifically recognized that Plaintiff "admitted that he was a Comcast customer," thereby establishing EBR with Comcast at the time of the calls, *id*. at 6, and rejected Plaintiff's argument that the EBR defense is only available to residential subscribers and not available to calls made to cell phone

subscribers. *Id*. ("We are not persuaded by this argument. As Comcast persuasively argues in its reply brief, there is no principled reason (nor persuasive case law) to support the notion that [sic] residential landline subscribers should be allowed to receive calls from companies with which they have an EBR but that wireless subscribers should not be.") (internal citations omitted). Accordingly, the only factual issues left open following the Court's ruling on Comcast's Motion to Dismiss are (1) whether Plaintiff provided his number to Comcast as part of his business relationship with Comcast, (2) whether Plaintiff later effectively revoked that consent by asking to be placed on Comcast's internal do-not-call list, and (3) if consent were properly revoked, whether Comcast honored that request within a reasonable time.

As to the issue of consent, all Comcast subscribers, including Plaintiff, warrant in their agreement with Comcast that they have provided their phone numbers to Comcast. *See* Comcast Subscriber Agreement ¶ 15(b)(ii) ("During the term of this Agreement, you have provided and will provide to Comcast information that is accurate, complete and current, including without limitation, your . . . telephone number(s) . . ."), current version *available at* http://www.comcast.com/Corporate/Customers/Policies/SubscriberAgreement.html; *see also* Dkt. #42, Decl. of Mary Kane in Support of Mot. to Strike, Ex. A. Plaintiff has offered no reasonable explanation for how Comcast obtained Plaintiff's cell phone number other than from Plaintiff.

As to the issue of consent revocation, Comcast's Privacy Policy specifically provides for two methods by which a subscriber can be placed on Comcast's internal do-not-call list. Subscribers may either call Comcast at the toll-free number specified, or alternatively, contact Comcast in writing by sending a written request to Comcast's corporate office in Philadelphia, Pennsylvania at the address provided. See Comcast Privacy Policy, current version *available at* http://www.comcast.com/Corporate/Customers/Policies/CustomerPrivacy.html; *see also* Kane Decl., Ex. B. Plaintiff concedes that he did not follow these procedures. Rather, he sent a letter with his purported DNC request to a local Comcast office. *See* Pl.'s Proposed Am. Compl. ¶ 17, Ex. B.

Even if Plaintiff had properly requested to be placed on Comcast's internal do-not-call list, which he did not, Comcast honored that request within a "reasonable time" as required by FCC regulations. See 47 C.F.R. § 64.1200(d)(3) ("Persons or entities making calls for telemarketing purposes . . . must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty (30) days from the date of such request."). Here, Plaintiff concedes that the calls to Plaintiff stopped within approximately a week of Plaintiff's request.

Thus, it remains for the Court to decide whether Plaintiff's unique method of requesting Comcast stop calling constituted proper revocation of consent, and if so, whether Comcast's honoring of Plaintiff's request within approximately one week was reasonable. Plaintiff's claims are inherently individualized and not capable of being pursued on a class-wide basis.

### 3. Major Legal and Factual Issues

Plaintiff's Position:

The primary legal and factual issue in this case is whether Comcast complied with the TCPA when it made "win back" calls to Plaintiff and members of the putative class. Specifically, whether Comcast's policies complied with the TCPA's national Do-Not-Call Registry, internal do-not-call list, and autodialer requirements and whether Comcast in fact followed those policies.

Defendant's Position:

As set forth above, pursuant to the Court's ruling on Comcast's Motion to Dismiss, the issues that remain to be decided are: (1) whether Plaintiff provided his number to Comcast as part of his business relationship with Comcast as he warranted in his Subscriber Agreement, which the Court ruled would constitute consent to be called, (2) whether Plaintiff later effectively revoked that consent by requesting to be placed on Comcast's internal do-not-call list even though he failed to follow Comcast's DNC list procedures, and (3) if consent were properly revoked, whether Comcast honored that request within a reasonable period of time when it stopped called Plaintiff within approximately one week. Such issues of consent and consent

revocation are highly individualized inquiries, precluding certification of a class. In addition, Plaintiff's National DNC claim is no longer at issue as set forth above. *See* Section A.2.

### 4. Relief Sought by Plaintiff

Plaintiff seeks injunctive relief and statutory damages of between up to $500 and $1,500 per call for violations of the Do Not Call provisions of the TCPA under 47 U.S.C. § 227(c), and between $500 and $1,500 per call for violations of the autodialer provisions of the TCPA under 47 U.S.C. § 227(b).

### 5. Present Status

Plaintiff's Position:

This case was assigned to Judge Nordberg, and was reassigned to Judge Coleman in April 2014. The Court issued an order denying Comcast's motion to dismiss last November (Dkt. #34). The case is in the early phases of discovery.

Defendant's Position:

On November 26, 2013, the Court ruled on Comcast's Motion to Dismiss. In its ruling, the Court agreed with Comcast on the legal issues of prior express consent and the existing business relationship defense as set forth above. Following the Court's ruling on Comcast's Motion to Dismiss, the parties exchanged discovery on Plaintiff's individual claims.

## B. Pending Motions

### 1. Status of Pending Motions

Plaintiff's Position:

Plaintiff moved to amend the complaint on February 12, 2014 (Dkt. #47). Defendant opposed Plaintiff's Motion on March 12, 2014 (Dkt. #53). Plaintiff's reply memorandum was filed on April 4, 2014 (Dkt. #57). Plaintiff sought leave to amend the complaint in response to Comcast's motion to strike the original complaint's class allegations (Dkt. # 37). Both motions are fully briefed and pending.

Defendant's Position:

On January 10, 2014, Comcast filed its Motion to Strike Class Allegations (Dkt. #37) based on the Court's ruling on Comcast's Motion to Dismiss. As stated above, rather than responding to the Motion to Strike, Plaintiff instead filed a Motion to Amend the Complaint on February 12, 2014 (Dkt. #47), thereby conceding that his pending putative class allegations were not viable. While Comcast did not oppose the proposed amendments to Plaintiff's individual claim, it did oppose the new proposed putative class allegations as futile because they do not cure the putative class defects. *See* Section A.2 above. The Motions to Strike and Amend are still pending.

### 2. **Previously Set Deadlines**

There are no previously set deadlines.

## C. Remaining Discovery

### 1. **Scope**

Plaintiff's Position:

The Parties have exchanged written discovery, and both parties have issued deposition notices. Comcast has refused to provide any discovery pertaining to class claims, based on its view that the Court's order denying Comcast's motion to dismiss precludes the maintenance of this case as a class action. Plaintiff would appreciate the Court's guidance on this matter. Plaintiff continues to seek documents and data which have not yet been produced, including, for example, call data for Comcast's calls to plaintiff and the class, information concerning the auto dialer(s) Comcast used to make such calls, Comcast's policies, practices and procedures concerning the calls at issue in this case, communications and other documents concerning the "win back" calls at issue in this case, and Comcast's efforts to comply with the TCPA when making those calls.

Defendant's Position:

- 8 -

As stated above, because Plaintiff abandoned his original class allegations, there are no currently pending class allegations that could serve as the basis for class discovery. Comcast has already provided Plaintiff with discovery related to his individual claims.

### 2. Discovery Timeline and Remaining Disclosure Dates

Currently, there is no discovery deadline.

Plaintiff's Position:

Plaintiff proposes that the Court set a discovery cutoff of March 31, 2015.

Defendant's Position:

Defendant proposes that the parties revisit the discovery timeline after the Court rules on the pending motions.

## D. Trial

### 1. Jury/Non Jury

Plaintiff demands a trial by jury for all issues so triable.

### 2. Estimated Number of Trial Days

Plaintiff's Position:

Plaintiff estimates that trial will take three days.

Defendant's Position:

Defendant estimates that the trial will take less than one day because there are no viable class claims.

## E. Magistrate Judge

A Magistrate Judge has not yet been appointed for this matter and therefore the parties have not discussed the issue.

## F. Settlement Discussion

There have been no settlement discussions.

RESPECTFULLY SUBMITTED AND DATED this 24th day of June, 2014.

| BURKE LAW OFFICES, LLC | DRINKER BIDDLE & REATH LLP |
|---|---|
| By: /s/ Alexander H. Burke<br>Alexander H. Burke<br>Email: aburke@burkelawllc.com<br>155 N. Michigan Ave., Suite 9020<br>Chicago, Illinois  60601<br>Telephone:  (312) 729-5288<br>Facsimile:  (312) 729-5289<br><br>Beth E. Terrell, *Admitted Pro Hac Vice*<br>Email: bterrell@tmdwlaw.com<br>Michael D. Daudt, *Admitted Pro Hac Vice*<br>Email:  mdaudt@tmdwlaw.com<br>TERRELL MARSHALL DAUDT<br>  & WILLIE PLLC<br>936 North 34th Street, Suite 300<br>Seattle, Washington  98103-8869<br>Telephone:  (206) 816-6603<br>Facsimile:  (206) 350-3528<br><br>*Attorneys for Plaintiff* | By: /s/ Gordon B. Nash, Jr.<br>Gordon B. Nash, Jr., ARDC No. 201799<br>Email:  Gordon.Nash@dbr.com<br>191 North Wacker Drive, Suite 3700<br>Chicago, Illinois  60606-1698<br>Telephone:  (312) 569-1000<br>Facsimile:  (312) 569-3000<br><br>Seamus C. Duffy<br>Email:  Seamus.Duffy@dbr.com<br>Michael W. McTigue Jr.<br>Email:  Michael.McTigue@dbr.com<br>DRINKER BIDDLE & REATH LLP<br>One Logan Square, Suite 2000<br>Philadelphia, Pennsylvania  19103-6996<br>Telephone:  (215) 988-2700<br>Facsimile:  (215) 988-2757<br><br>*Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

I, Alexander H. Burke, hereby certify that on June 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Gordon B. Nash, Jr., ARDC No. 201799
>Email:  Gordon.Nash@dbr.com
>DRINKER BIDDLE & REATH LLP
>191 North Wacker Drive, Suite 3700
>Chicago, Illinois  60606-1698
>Telephone:  (312) 569-1000
>Facsimile:  (312) 569-3000
>
>Seamus C. Duffy
>Email:  Seamus.Duffy@dbr.com
>Michael W. McTigue Jr.
>Email:  Michael.McTigue@dbr.com
>DRINKER BIDDLE & REATH LLP
>One Logan Square, Suite 2000
>Philadelphia, Pennsylvania  19103-6996
>Telephone:  (215) 988-2700
>Facsimile:  (215) 988-2757

*Attorneys for Defendant*

DATED this 24th day of June, 2014.

>BURKE LAW OFFICES, LLC
>
>
>By:  /s/ Alexander H. Burke
>  Alexander H. Burke
>  Email:  aburke@burkelawllc.com
>  155 N. Michigan Ave., Suite 9020
>  Chicago, Illinois  60601
>  Telephone:  (312) 729-5288
>  Facsimile:  (312) 729-5289
>
>*Attorneys for Plaintiff*