**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN, on behalf of | ) | |
| Himself and others similarly situated | ) | 1:12-cv-6421 |
| Plaintiff, | ) | |
| | ) | Honorable Sharon Johnson Coleman |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| COMCAST CORPORATION, | ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

<u>**AMENDED COMPLAINT-CLASS ACTION**</u>

<u>**INTRODUCTION**</u>

1.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]unrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

2.      In 1995, under its authority to adopt rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108, the Federal Trade Commission adopted the Telemarketing Sales Rule, 16 C.F.R. § 310 ("TSR"), which was later amended in 2003. Among other things, the amended TSR established a "Do Not Call Registry." The Registry lists the telephone numbers of consumers who have informed the FTC that they do not wish to receive certain types of telemarketing calls.

3.      The TCPA prohibits persons or entities from initiating telephone solicitations to "Do Not Call" registered telephone subscribers. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c). A person whose number is on the Registry, and who has received more than one telephone call on her residential telephone within any 12-month period by or on behalf of the same entity in

1

violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c). The FCC ruled that cellular telephones were subject to the same protections as residential lines in 2003. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 18 FCC Rcd. 14,014, 14,038-14,040; ¶¶ 33-37 (July 3, 2003).

4.     The law contains a safe harbor provision that exempts from liability a person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) who has obtained the subscriber's prior express invitation or permission to make the call. 47 C.F.R. § 64.1200(c)(2)(ii). Plaintiff is not aware of ever having given defendant any consent or permission to be called on his cellular telephone.

5.     The TCPA contains additional restrictions against making any call to any cellular telephone number using an "automatic telephone dialing system," or using any "artificial or prerecorded voice," regardless of the content of the call.  47 U.S.C. §227(b)(1)(A)(iii).

## JURISDICTION AND VENUE

6.     This Court has federal question subject matter jurisdiction because this cause of action arises under federal law. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 752, 181 L. Ed. 2d 881 (2012).

7.     Venue is appropriate in this District because defendant resides here, and because a substantial portion of the events giving rise to this cause of action occurred here.

## PARTIES

8.     Plaintiff Nicholas Martin is an individual who resides in this District.

9.     Defendant Comcast Corporation is a communications company that has offices in Chicago, Illinois.

## FACTS

10.     Plaintiff's cellular telephone has been registered with the National Do-Not-Call Registry list since August 30, 2005.

11.     Plaintiff has had two accounts with Comcast over the past few years. One account for internet service and VoIP telephone service with account number ending in 3093 ("Comcast I") and one account for Internet service with account number ending in 7359 ("Comcast II").

12.     Plaintiff does not recall giving his cell phone number 630-xxx-3271 to Comcast with respect to either Comcast I or Comcast II.

13.     Comcast's records do not include any record regarding the facts and circumstances regarding how it obtained 630-xxx-3271 with respect to either account.

14.     On February 1, 2011, around the time he cancelled the Comcast I account, plaintiff sent the letter attached as Exhibit A to Comcast, asking not to receive calls on his cell phone.

15.     Comcast received Exhibit A on February 4, 2011.

16.     Upon information and belief, based upon discovery received to-date, Comcast did not log any do not call request in Exhibit A in any company-specific do not call database.

17.     On October 4, 2011, around the time he cancelled the Comcast II account, plaintiff sent the letter attached as Exhibit B.

18.     Comcast's records indicate that it received Exhibit B on or before October 6, 2011.

3

19.     On October 6, 2011, Comcast logged the change of address and changed plaintiff's phone number to (999)999-9999.

20.     Despite that Comcast received Exhibits A and B, Comcast called plaintiff's cell phone on at least the following dates:

      a.   October 8, 2011;

      b.   Two calls on October 10, 2011, plaintiff answered the second call;

      c.   Two calls on October 11, 2011, plaintiff answered the second call;

      d.   October 12, 2011;

      e.   October 13, 2011;

      f.   Two calls on October 14, 2011, plaintiff's voice mail picked up the second call and recorded a "dead air" voice mail.

There very likely are more calls about which plaintiff does not know.

21.     Each of the calls was made using an automatic telephone dialing system, as that term is defined by the Telephone Consumer Protection Act and implementing regulations and orders.

22.     Each of these calls were made by Comcast for the purpose of selling Comcast goods and/or services to plaintiff.

23.     It is the practice of Comcast to call customers who have cancelled their service in order to try to entice their former customers to return to Comcast.

24.     Although Comcast's discovery responses characterize such calls as "retention" calls, because the calls are made after service has already been cancelled, they are more

properly characterized as sales calls, designed to "win back" non-customers that have already cancelled.

25.     Comcast knew about the TCPA's prohibitions against calling cellular telephones using an automatic telephone dialing system without prior express consent, throughout the class period.

26.     Comcast knew about the TCPA's prohibition against calling telephone numbers that consumers have requested not to be called, throughout the class period.

27.     In 2009, the Federal Trade Commission sued Comcast for calling 900,000 persons who had requested not to be called. *United States v. Comcast Corporation*, 09-cv-1589 (E.D. Penn.).

28.     On April 16, 2009, Comcast agreed to pay $900,000 to settle that action. As part of the settlement, Comcast also agreed to prospective relief in the form of compliance with the Telemarketing Sales Rule 16 C.F.R. §310 *et seq*., including but not limited to honoring consumer requests not to be called and to keep "all verifiable authorizations or records of express informed consent or express agreement required to be provided or received under this Rule." 16 C.F.R. §310.5(5).

29.     Despite that it knew it had a duty to do so, Comcast failed to keep records of the facts and circumstances surrounding how it may have obtained "prior express consent," to call plaintiff and others.

30.     Comcast did not have adequate measures in place to avoid the Do Not Call violations alleged herein.

31. Plaintiff and the class have been substantially damaged by defendant's calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012) (discussing congressional findings of consumers "outraged" by autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 639 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

## COUNT I – TCPA – Robocalls

32. Plaintiff incorporates all previous paragraphs.

33. Comcast violated the TCPA by placing robocalls calls to plaintiff and the Robocall Class members' cell phones using its automatic telephone dialing system without the prior express consent of the called party.

34. Comcast's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

## CLASS ALLEGATIONS

35. Plaintiff brings this claim on behalf of a class, consisting of:

Robocall Class: Persons who, on or after August 14, 2008, Comcast or someone on its behalf called their cellular telephone number using an automatic telephone dialing system and/or a prerecorded or artificial voice where the purpose of the call was to "win back" customers after they had cancelled a service, where:

(a) Comcast obtained the phone number from some source other than the called party as to the account that was cancelled, and/or

(b) Comcast does not have a record that shows the facts and circumstances regarding such consumer providing their cellular phone number to Comcast, including but not limited to the specific time and date that the consumer

6

provided their cellular phone number to Comcast and the manner in which the number was provided.

36.     Plaintiff is a member of this class.

37.     The class is so numerous that joinder of all members is impractical. Upon information and belief Plaintiff alleges that there are more than 40 members of the class.

38.     There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

    a.  Whether defendant used an automatic telephone dialing system as is used in the TCPA and applicable FCC regulations and orders to place the calls at issue;

    b.  Whether Comcast is entitled to a "prior express consent" defense where it obtained class members' telephone numbers from sources other than from the called party with respect to the transaction about which it was calling, and willfully failed to keep track of the facts and circumstances during which it received the phone numbers in any event; and

    c.  Damages, including whether the violations were negligent, willful or knowing.

39.     The class is so numerous that joinder of all members is impractical.  Upon information and belief, Plaintiff alleges that there are more than 40 members of the class.

40.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

41.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims is small because it is not economically feasible to bring individual actions.

42.     Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

43.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

44.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

A.      Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful or knowing;

B.      An injunction against further violations;

C.      A declaration that Comcast's equipment is regulated by the TCPA;

D.      Costs of suit;

E.     Reasonable attorney's fees as part of a common fund, if any;

F.     Such other or further relief as the Court deems just and proper.

**COUNT II – TCPA – Company-Specific Do Not Call**

45.     Plaintiff incorporates all previous paragraphs.

46.     Comcast violated the Do Not Call portion of the TCPA, 47 U.S.C. §227(c), by failing to honor do not call requests by placing multiple telemarketing calls to plaintiff and the class members within one year of each other, after having received a demand not to call. It also failed to adequately record such requests. 47 C.F.R. §64.1200(d).

47.     Comcast did not have permission to make these calls.

48.     Comcast's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

**CLASS ALLEGATIONS**

49.     Plaintiff brings this claim on behalf of a class, consisting of:

Company-Specific Do Not Call Class: All persons who on or after a date four years before the filing of this complaint, defendant or someone on its behalf called on their residential or cellular telephone at least twice within any 12 month period, in order to solicit the sale of goods or services, where both calls occur after a date when Comcast's records indicate it received a do not call request.

50.     Excluded from the class is any person with whom Comcast has a "personal relationship." 47 C.F.R. 64.1200(c)(iii). Plaintiff does not believe any such persons exist.

51.     Plaintiff is a member of this class.

52.     The class is so numerous that joinder of all members is impractical.   Upon information and belief Plaintiff alleges that there are more than 40 members of the class. Because of the timing of *United States v. Comcast*, 2:09-cv-1589-HB (E.D. Pa.), plaintiff alleges

on information and belief that some of the 900,000 persons referenced in that action are class members in this action.

53.     There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

      a.  Whether defendant's calls were solicitations within the meaning of the TCPA and applicable FCC regulations and orders to place the calls at issue;

      b.  Damages, including whether the violations were negligent, willful or knowing.

54.     The class is so numerous that joinder of all members is impractical.  Upon information and belief, Plaintiff alleges that there are more than 40 members of the class.

55.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

56.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against is small because it is not economically feasible to bring individual actions.

57.     Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

58.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

59.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

A.     Statutory damages of up to $500 per violation, and up to $1,500 per call if proven to be willful (plaintiff does not seek double damages under Counts II and III);

B.     An injunction against further violations;

C.     A declaration that Comcast's calls constituted telemarketing and that their practices violate the Company-Specific Do Not Call portion of the TCPA and the Telemarketing Sales Rule;

D.     Costs of suit;

E.     Reasonable attorney's fees as part of a common fund, if any;

F.     Such other or further relief as the Court deems just and proper.

### COUNT III – TCPA – National Do Not Call Registry

54.     Plaintiff incorporates all previous paragraphs.

55.     Comcast violated the National Do Not Call Registry portion of the TCPA, 47 U.S.C. §227(c), by placing at least two telemarketing calls within a 12 month period to plaintiff and the

class members whose numbers appeared on the Registry at least 31 days prior to the telemarketing calls. 47 C.F.R. §64.1200(c)(2).

56.     Comcast did not have permission to make these calls.

57.     Comcast's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

## CLASS ALLEGATIONS

58.     Plaintiff brings this claim on behalf of a class, consisting of:

National Registry Do Not Call Class: All persons who had been on the National Do Not Call Registry for at least 31 days, who on or after a date four years before the filing of this complaint, defendant or someone on its behalf called on their residential or cellular telephone at least twice within any 12 month period, in order to solicit sale of goods or services.

59.     Excluded from the class is any person with whom Comcast has a "personal relationship." 47 C.F.R. 64.1200(c)(iii). Plaintiff does not believe any such persons exist.

60.     Plaintiff is a member of this class.

61.     The class is so numerous that joinder of all members is impractical. Upon information and belief Plaintiff alleges that there are more than 40 members of the class. Because of the timing of *United States v. Comcast*, 2:09-cv-1589-HB (E.D. Pa.), plaintiff alleges on information and belief that some of the 900,000 persons referenced in that action are class members in this action.

62.     There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

> a.     Whether defendant's calls were solicitations within the meaning of the TCPA and applicable FCC regulations and orders to place the calls at issue;

        b.  Damages, including whether the violations were negligent, willful or knowing.

60.     The class is so numerous that joinder of all members is impractical. Upon information and belief Plaintiff alleges that there are more than 40 members of the class.

61.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

62.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against is small because it is not economically feasible to bring individual actions.

63.     Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

64.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

65.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would

likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

A.    Statutory damages of up to $500 per violation, and up to $1,500 if proven to be willful (plaintiff does not seek double damages in Counts II and III);

B.    An injunction against further violations;

C.    A declaration that Comcast's calls constituted telemarketing and that their practices violate the National Do Not Call Registry portion of the TCPA and the Telemarketing Sales Rule;

D.    Costs of suit;

E.    Reasonable attorney's fees as part of a common fund, if any;

F.    Such other or further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this 24th day of September, 2014.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:    /s/ Michael D. Daudt, *Admitted Pro Hac Vice*
       Beth E. Terrell, *Admitted Pro Hac Vice*
       Email: bterrell@tmdwlaw.com
       Michael D. Daudt, *Admitted Pro Hac Vice*
       Email:  mdaudt@tmdwlaw.com
       936 North 34th Street, Suite 300
       Seattle, Washington  98103-8869
       Telephone:  (206) 816-6603
       Facsimile:  (206) 350-3528

Alexander H. Burke
Email:  aburke@burkelawllc.com
BURKE LAW OFFICES, LLC
155 North Michigan Avenue, Suite 9020
Chicago, Illinois  60601
Telephone:  (312) 729-5288
Facsimile:  (312) 729-5289

*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff demands trial by jury.

TERRELL MARSHALL DAUDT & WILLIE PLLC


By:   /s/ Michael D. Daudt, *Admitted Pro Hac Vice*
      Beth E. Terrell, *Admitted Pro Hac Vice*
      Email: bterrell@tmdwlaw.com
      Michael D. Daudt, *Admitted Pro Hac Vice*
      Email:  mdaudt@tmdwlaw.com
      936 North 34th Street, Suite 300
      Seattle, Washington  98103-8869
      Telephone:  (206) 816-6603
      Facsimile:  (206) 350-3528

      Alexander H. Burke
      Email:  aburke@burkelawllc.com
      BURKE LAW OFFICES, LLC
      155 North Michigan Avenue, Suite 9020
      Chicago, Illinois  60601
      Telephone:  (312) 729-5288
      Facsimile:  (312) 729-5289

      *Attorneys for Plaintiff*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:    /s/ Michael D. Daudt, *Admitted Pro Hac Vice*
       Beth E. Terrell, *Admitted Pro Hac Vice*
       Email: bterrell@tmdwlaw.com
       Michael D. Daudt, *Admitted Pro Hac Vice*
       Email:  mdaudt@tmdwlaw.com
       936 North 34th Street, Suite 300
       Seattle, Washington  98103-8869
       Telephone:  (206) 816-6603
       Facsimile:  (206) 350-3528

       Alexander H. Burke
       Email:  aburke@burkelawllc.com
       BURKE LAW OFFICES, LLC
       155 North Michigan Avenue, Suite 9020
       Chicago, Illinois  60601
       Telephone:  (312) 729-5288
       Facsimile:  (312) 729-5289

       *Attorneys for Plaintiff*

17

CERTIFICATE OF SERVICE

I, Michael D. Daudt, hereby certify that on September 25, 2014, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

> Gordon B. Nash, Jr., ARDC No. 201799
> Email: Gordon.Nash@dbr.com
> DRINKER BIDDLE & REATH LLP
> 191 North Wacker Drive, Suite 3700
> Chicago, Illinois 60606-1698
> Telephone: (312) 569-1000
> Facsimile: (312) 569-3000
>
> Seamus C. Duffy
> Email: Seamus.Duffy@dbr.com
> Michael W. McTigue Jr.
> Email: Michael.McTigue@dbr.com
> DRINKER BIDDLE & REATH LLP
> One Logan Square, Suite 2000
> Philadelphia, Pennsylvania 19103-6996
> Telephone: (215) 988-2700
> Facsimile: (215) 988-2757
>
> *Attorneys for Defendant*

DATED this 25th day of September, 2014.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:   /s/ Michael D. Daudt, *Admitted Pro Hac Vice*
     Michael D. Daudt, *Admitted Pro Hac Vice*
     Email: mdaudt@tmdwlaw.com
     936 North 34th Street, Suite 300
     Seattle, Washington 98103-8869
     Telephone: (206) 816-6603
     Facsimile: (206) 350-3528

     *Attorneys for Plaintiff*

— EXHIBIT A —

CERTIFIED MAIL™

7006 2760 0002 9228 0816

COMCAST
1255 W NORTH AVE
CHICAGO IL 60622-1562

NICHOLAS MARTIN
PO BOX 4030
CHICAGO, IL 60654-4030

20

Nicholas Martin

Chicago, IL

February 1, 2011

**SENT VIA USPS CERTIFIED MAIL – 7006 2760 0002 9228 0816**
Comcast
1255 W. North Ave.
Chicago, IL 60622-1562

Account #: ███████3093
Service Location: ████████████████ Chicago, IL ██████████

Ladies and Gentlemen:

I write in response to your January 24, 2011, letter. Please be advised that the Comcast "digital phone modem" which was leased for this account was returned.

Please remove my cell phone number, 630-███-3271, from your database as I do not wish to receive phone calls regarding this account. Please direct all future correspondence to the post office box address I have listed atop this letter.

Sincerely,

Nicholas Martin



Date: 02/04/2011

Nicholas Martin:

The following is in response to your 02/03/2011 request for delivery information on your Certified Mail(TM) item number 7006 2760 0002 9228 0816. The delivery record shows that this item was delivered on 02/04/2011 at 02:39 PM in CHICAGO, IL 60642 to C COMCAST. The scanned image of the recipient information is provided below.

Signature of Recipient:



Address of Recipient:



Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

# — EXHIBIT B —

Nicholas Martin

Chicago, IL █████

October 4, 2011

Comcast
1255 W. North Ave.
Chicago, IL 60622-1562

Account #: ███████ 7359
Service Location: ███████████     Chicago, IL █████

Ladies and Gentlemen:

This letter is to confirm my cancellation request I made today when I called 800-COMCAST. All Comcast services are to be canceled effective October 5, 2011.

Please remove my cell phone number, 630 ███ -3271, from your database as I do not wish to receive phone calls regarding this account or any type of soliciting. Please direct all future correspondence to the post office box address I have listed atop this letter.

Sincerely,

Nicholas Martin