IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS MARTIN, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION,<br><br>Defendant. | Case No: 12 C 6421<br><br>District Judge Sharon Johnson Coleman<br><br>Magistrate Judge Susan E. Cox |

**ORDER**

For the reasons provided, plaintiff Nicholas M. Martin's Motion to Compel [77] is granted. However, defendant's production of the materials is stayed pending the District Judge's ruling on defendant's motion for summary judgment. Should defendant's motion for summary judgment be denied, defendant will be required to produce the discovery materials within thirty days following entry of the District Judge's order.

**STATEMENT**

Before the Court is plaintiff's motion to compel discovery [77], all of which is aimed at proving his class-wide allegations that defendant Comcast has violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227. For the reasons stated below, the Court grants the motion, but stays the production of the materials until thirty days following District Judge Coleman's ruling on defendant's motion for summary judgment (unless judgment is entered in the defendant's favor).

Plaintiff's allegations in the Amended Complaint center on eight autodialed telemarketing calls made to his cell phone during the week of October 8th to October 14th in 2011. Count One alleges that the calls were made to plaintiff without his prior express written consent in violation of the TCPA. Count Two alleges that defendant violated the "Do Not Call" portion of the TCPA when it made such calls after having received a demand from plaintiff not to call and that it failed to adequately record the demand. Count Three alleges that defendant violated the National Do Not Call Registry of the TCPA by calling plaintiff.

Although plaintiff's putative class definition for these counts has evolved during the course of this action, the essence of the defense has not. Comcast consistently and vehemently argued that plaintiff's complaint is deficient as a matter of law because he consented to receive these calls when he gave Comcast his cell phone number as his contact number. Further, Comcast maintains that the regulations interpreting the TCPA allow for a reasonable grace period and that because only five days elapsed between plaintiff's October 4, 2011 written request to Comcast that he not be called and the cessation of calls, the time period is reasonable as a matter of law.

These arguments received a sympathetic hearing from the previous District Judge who, although denying the defendant's motion to dismiss on these grounds, only did so because it was unclear to him whether plaintiff actually had given Comcast his cell phone number during the course of the parties' business relationship. Because this fact was in dispute between the parties, the Court could not otherwise find for Comcast. The Court also declined to rule on the second defense, the reasonableness of the time frame to process the request, on a motion to dismiss. It held that it was unclear how long a period was even in issue between notification and cessation of calls. Although it did not bifurcate discovery, the Court found that "these arguments should be

addressed after the facts have been pinned down through discovery….",[1] thus signaling the District Judge's strong preference that the parties focus on the circumstances surrounding how Comcast obtained plaintiff's cell phone number in the first place and the timing of the notice to cease calls and calls to assess the legal impact of these facts on the case.

Shortly after Judge Nordberg's ruling, Comcast filed a motion to strike the class action allegations and plaintiff filed a motion to amend his complaint. Judge Sharon Coleman inherited these motions after the case was reassigned to her in April 2014. Both sides indicated to her that they were interested in settlement and a conference was set before this court for October 8, 2014. The parties requested that the Court reset this conference because of the pending motions and the conference was postponed until December 16, 2014. District Judge Coleman promptly ruled on both motions on September 16, 2014. In her opinion, denying the motion to strike and granting the motion to amend, she addressed Comcast's underlying contentions which it again asserted barred plaintiff's *individual* allegations, describing them as "sound," but premature before discovery, "especially with respect to plaintiff's individual claims, or at the class certification stage."[2]

Plaintiff followed this ruling with a motion to certify the classes set forth in the Amended Complaint, which was entered and continued (and is not briefed), followed by the instant motion which was referred to this court on November 4, 2014.[3] Before briefing on the motion to compel was completed, defendant had filed a motion for summary judgment on all three of plaintiff's counts. In its motion, Comcast argues that the fact questions which prevented a ruling in its favor on its motions to dismiss and to strike have now been resolved and that the undisputed facts mandate a judgment in its favor. Specifically, defendant argues that plaintiff provided prior express

---

[1] Dkt. 34, p. 8 (Nov. 26, 2013).
[2] Dkt. 68, p. 2.
[3] At the initial hearing on this motion on December 10, 2014, both sides informed the Court that they did not believe that the settlement conference set for the following week would be fruitful and asked that it be stricken. The Court granted this oral motion.

3

consent when he provided his telephone number to Comcast. Comcast's business records show that plaintiff proved his cellular telephone number when he signed up as a new customer for Comcast's High-Speed Internet service on January 6, 2011, a sales representative confirmed that the telephone number came from plaintiff and that he could not have registered the account without providing this number. Because these facts are now established, Comcast argues that it has established the requisite express prior consent. With respect to Count Two, defendant asserts that the heretofore open fact question—how much time elapsed between Comcast's receipt of plaintiff's October 4. 2011 letter asking not to receive calls related to his account and the cessation of those calls—has been established as five days, a per se reasonable time period under the applicable FCC regulations. Finally, Comcast argues that it is entitled to judgment on plaintiff's last claim, the National Do-Not-Call registry claim, because it had a prior or existing business relationship with plaintiff as defined by the FCC regulations. This motion also is not briefed, although District Judge Coleman indicated her intent to set the briefing schedule for the motion at her next status in February.

This background is important because it is clear from the Court's review of the pending motion and the history of the case, particularly the language of the previous rulings, that the pending motion for summary judgment may very well resolve the case in Comcast's favor. This is not to say that this is a guaranteed outcome, but Comcast has raised defenses to this action which previously have been described as sound but for the unresolved fact questions noted by both District Judges. These facts, if Comcast is correct and they are no longer in dispute, have only strengthened Comcast's hand.

This reality informs the outcome of the instant dispute. Comcast already has produced information specific to this plaintiff, as well as its general policies and procedures related to its do-

not-call list, its Subscriber Agreement and Privacy Policy applicable to all of its customers. It has offered to produce a corporate representative to testify about these procedures, as well as how and why Comcast obtains its customers' telephone numbers. Comcast has further offered sworn testimony that there exists no other customer like plaintiff. What plaintiff seeks now is extensive discovery of information about Comcast's interaction with other potential class members in his broadly defined proposed classes.[4] In assessing the appropriateness of this discovery, we are mindful of Rule 26's directive that we limit the extent of discovery if we find the burden of expense of the proposed discovery outweighs its likely benefit. In this case, there is no question that plaintiff will be entitled to the information he is requesting. For example, plaintiff seeks deposition testimony pursuant to a Rule 30(b)(6) notice about Comcast's policies concerning complaints about its call practices; the revenue generated by such calls; and all data bases or documents which contain names and other identifying data for potential class members. Interrogatory No. 1 and Document Request 2 asks Comcast to provide all relevant information about the calls or attempted calls to class members, including the script used and the outcome of the calls. Many courts, including this one, have ordered that this kind of discovery is appropriate in this type of case, although methods such as sampling can be employed to address the burden if the vast numbers of potential class members justify that kind of a limitation on the scope of discovery.[5] The issue is not so much whether plaintiff is entitled to the discovery, but when?

---

[4] For example, the class plaintiff seeks to certify in Count One, the "Robocall Class" is defined as "[p]ersons who, on or after August 14, 2008, Comcast or someone on its behalf called their cellular telephone number using an automatic telephone dialing system and/or a prerecorded or artificial voice where the purpose of the call was to "win back" customers after they had cancelled a service, where: (a) Comcast obtained the phone number from some other source than the called party as to the account that was cancelled, and/or (b) Comcast does not have a record that shows the facts and circumstances regarding such consumer providing their cellular phone number to Comcast, including but not limited to the specific time and date that the consumer provided their cellular phone number to Comcast and the manner in which the number was provided"  (Amended Complaint, p. 11, par. 35.)

[5] *Martin v. Bureau of Collection Recovery*, 2011 WL 2311869, at *5 (N.D. Ill. June 13, 2011); *Balbarin v. North Star Capital Acquisition, LLC,* 2010 U.S. Dist.LEXIS 118992, *3  (N.D. Ill. Nov. 9, 2010).

Clearly the discovery sought is expensive and burdensome. Plaintiff claims that Comcast has not been specific enough about how burdensome this discovery would be, but it is obvious to the Court just based on the broad categories of information plaintiff seeks. The District Judge has granted to this Court the power to manage the discovery schedule. The Court can see no prejudice to plaintiff in delaying the production of these materials until after the District Judge's ruling on defendant's motion for summary judgment. As the Court already has said, Comcast's arguments go to the heart of whether plaintiff can maintain *any action* here and have already been found to present a serious challenge to his ability to do so by the District Judges who have presided over this action. It does not make sense to subject defendant to the burden of producing these materials until after there is a ruling on that motion which may, at a minimum, contract the scope of the allegations plaintiff may advance, or could defeat his action entirely.

The Court proposes the following process, which will ensure that there are no unnecessary delays after the ruling, if the action is not dismissed. The Court will schedule a discovery conference within one week of the ruling to discuss with counsel the remaining discovery both sides will need to take to complete discovery and to set a firm discovery cut-off consistent with the trial date (February 2016) set by District Judge Coleman. The Court orders Comcast to be prepared to discuss a production schedule which would provide plaintiff with the materials sought in the instant motion within thirty days of the Court's summary judgment ruling unless the action is dismissed. By this Order, the Court overrules all relevance objections to the discovery, including those raised by defendant to the FTC consent decree and its compliance with that decree, which bear directly on the record-keeping issues raised by plaintiff in his complaint. Of course, Comcast can still raise any privilege objections it may possess to those materials provided it also compiles a clear privilege log. Comcast may also, depending on the numbers of

potential class members it identifies about whom it may have to produce information, propose ways of limiting the scope of the production if it can also demonstrate a demonstrable burden to it resulting from producing this information about all of the putative class members.  This topic will also be discussed and resolved at the discovery conference which the Court will conduct after the ruling if necessary.

**ENTERED:**

Date:  January 13, 2015                                    /s/ Susan E. Cox

                                                                          U.S. Magistrate Judge