# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Nicholas M. Martin | ) | |
| Plaintiff | ) | 12cv6421 |
| | ) | |
| v. | ) | Judge Coleman |
| | ) | Magistrate Judge Cox |
| Comcast Corporation | ) | |
| Defendants | ) | |

## ORDER

Plaintiff's Rule 56 (d) motion [103] is granted in part and denied in part for the reasons stated. Discovery should be conducted and completed by March 20, 2015 to allow plaintiff to respond to the motion by the District Judge's deadline of April 7, 2015.

## STATEMENT

The Court rejects the argument that plaintiff has waived his right to discovery on issues raised by defendant's motion for summary judgment because he failed to appeal this Court's prior order to District Judge Coleman under Rule 72. The topics for discovery raised in that motion, which the Court granted but delayed enforcing until after an adverse ruling on defendant's motion for summary judgment, were issues pertaining to a potential class. The Court did not rule that plaintiff was barred from discovering issues relating to the topics of prior express consent and the reasonableness of the time frame before plaintiff was taken off the "do not call list." In fact, the Court noted that defendant Comcast already had *agreed* to this discovery, an agreement which it apparently has withdrawn. Therefore, Rule 72 does not apply here.

The Court finds, however, that discovery under Rule 56 (d) should be limited to the following which are fairly raised in the defendant's motion, especially given the fact that plaintiff has filed no conflicting affidavit in support of his motion for discovery about whether he provided his telephone number to defendant and for what purpose. Plaintiff shall be permitted him to take the following depositions: Shaunroy Villacastin (regarding topics raised in his affidavit attached to defendant's motion); Al Tenneson (regarding topics raised in his affidavit attached to defendant's motion), and a Rule 30 (b) (6) deposition of Comcast pertaining to its general policies and procedures concerning its do not call list, its subscriber agreement and privacy

policy applicable to all customers, including information pertaining to retention of internet web pages visited by plaintiff and internet chats allegedly conducted with plaintiff. Comcast should also provide plaintiff with copies of any internet web pages allegedly visited by plaintiff and web chats with plaintiff. In the Court's view, this discovery should allow plaintiff an opportunity to rebut the factual assertions raised in defendant's motion for summary judgment.

This discovery should be conducted and completed by March 20, 2015 to allow plaintiff to respond to the motion by the District Judge's deadline of April 7, 2015.

Date: 2/24/2015

U.S. Magistrate Judge, Susan E. Cox